

**08 CV 5572**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TATTOO JOHNNY, INC., <br><br> Plaintiff, <br> v. <br><br> CHRISTIAN AUDIGIER, INC., SHOP ON STAGE, INC., CHRISTIAN AUDIGIER, TY BOWERS, MACY'S, INC., BLOOMINGDALE'S, INC., NORDSTROM, INC., VANGUARD APPAREL LIMITED, JOHN DOES 1-100, inclusive, <br><br> Defendants. | Docket No. <br><br>  <br><br> VERIFIED COMPLAINT |

Plaintiff Tattoo Johnny, Inc. ("Tattoo Johnny"), by way of Complaint against Defendants Christian Audigier, Inc., Christian Audigier, Ty Bowers, Macy's, Inc., Bloomingdale's, Inc., Nordstrom, Inc., Vanguard Apparel Limited, and John Does 1-100 (collectively, the "Defendants"), says:

## NATURE OF ACTION

1. Tattoo Johnny's claims arise out of: (a) Defendants' unauthorized reproduction of Tattoo Johnny's copyrighted artwork; (b) Defendants' unauthorized creation of derivative works from Tattoo Johnny's copyrighted artwork; (c) Defendants' willful infringement of Tattoo Johnny's copyrighted artwork; (d) Defendants' offering for sale merchandise with Tattoo Johnny's copyrighted artwork affixed thereto without the consent of Tattoo Johnny; (e) Defendants' intentional acts of unfair business practices

## PARTIES/JURISDICTION/VENUE

2. Plaintiff Tattoo Johnny is a New Jersey corporation with principal place of business at 1510 Highway 74N -- #216, Tyrone, Georgia 30290.

2

3. Defendant Christian Audigier, Inc., ("CAI") is a California corporation with its principal place of business at 1135 North Mansfield Avenue, Los Angeles, California 90038. Upon information and belief, CAI is the owner of the Christian Audigier brand clothing and other products.

4. Defendant Shop on Stage, Inc. ("SOS") is a California corporation with its principal place of business at1135 North Mansfield Avenue, Los Angeles, California 90038. Upon information and belief, SOS operates 10 or more Ed Hardy and Christian Audigier brand retail stores in the United States, which sell Christian Audigier brand merchandise.

5. Defendant Christian Audigier ("Audigier") is an individual residing in Los Angeles, California, at 600 South Muirfield Road. Upon information and belief, Audigier is a principal of CAI and also the President and Registered Agent of CAI. Upon information and belief, Audigier is also the Registered Agent of SOS.

6. Upon information and belief, Audigier personally participates in the infringing acts alleged herein; directs, oversees, controls, ratifies, and facilitates the infringing acts alleged herein; intentionally induced one or more of the Defendants to infringe; or otherwise participates with Defendants in the infringing acts alleged herein. Accordingly, Audigier is personally liable for all of the infringing acts alleged herein.

7. Defendant Ty Bowers ("Bowers") is an individual who upon information and belief is or was an employee or agent of CAI and whose principal place of residence is 209 South Wilton Place, Los Angeles, California 90004.

8. Defendant Macy's Inc., ("Macy's") is a Delaware corporation licensed to do business in the state of New York. Macy's principal place of business is located at 7 West 7th Street, Cincinnati, Ohio 45202.

9. Defendant Bloomingdale's, Inc., ("Bloomingdale's") is a Delaware corporation licensed to do business in the state of New York. Macy's principal place of business is located at 7 West 7th Street, Cincinnati, Ohio 45202.

10. Defendant Nordstrom, Inc., ("Nordstrom") is a Washington corporation licensed to do business in the state of New York. Nordstrom's principal place of business is located at 1700 Seventh Avenue, Seattle, Washington 98101.

11. Defendant Vanguard Apparel Limited ("Vanguard") is a Canadian business with its principal place of business located at 90 Wingold Avenue, Unit 1, Toronto, Ontario.

12. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant DOES 1 through 1000 are unknown to Tattoo Johnny. Tattoo Johnny is informed and believes and thereon alleges that these Defendants are in some way liable for the events referred to in this Verified Complaint including but not limited to being manufacturers; retailers; distributors and other parties in the chain of distribution, which have and continue to cause damage to Tattoo Johnny. Tattoo Johnny will amend its complaint to assert the correct names and capacities of these Defendants when discovered and add appropriate charging allegations. Upon information and belief, the yet to be identified Doe defendants are present and/or doing business in the Southern District of New York and are subject to the jurisdiction of this Court.

13. Jurisdiction is proper in this Court in accordance with 28 U.S.C. §§ 1331, 1338 and 1367.

14. Venue is proper in this District in accordance with 28 U.S.C. §§ 1391(b) and 1400 because the Defendants are found doing business in the Southern District of New York.

## FACTUAL BACKGROUND

15. Tattoo Johnny is the world leader in providing tattoo designs for personal tattoos to the general public and tattoo studios alike. Tattoo Johnny is in the business, among other things, of selling copyrighted downloadable tattoo designs for personal tattoo use only from its company website located at www.tattoojohnny.com ("Website").

16. A customer can search the Website for any Tattoo Johnny tattoo design. Upon selecting a suitable design, the customer may purchase and download the design through a credit card purchase. All designs sold on the Website include a color reference of the design itself, and a stencil for the design.

17. The intended use of the designs sold on the Website is for customers to use for their personal tattoo only, by bringing the design with color reference and stencil to a tattoo studio for skin application.

18. Before consummating any transaction on the Website, a customer must agree to the Terms and Conditions found on the Website ("Terms and Conditions"). The Terms and Conditions specifically state in regard to copyright, "[a]ny purchase of a tattoo design from Tattoo Johnny grants the purchaser the right to reproduce the design for their personal tattoo only. Any other reproduction is strictly prohibited. All designs and images by Tattoo Johnny artists are protected by state and federal copyright laws. No one may copy, sell, distribute, and/or in any way make use of the images and designs by any of these artists without the express written consent of Tattoo Johnny, Inc. Anyone who violates any of the exclusive rights of the copyright owner and/or licensed agent shall be criminally prosecuted under section 2319 of title 18, United States Code, including imprisonment for up to 5 years for the first offense, civil and criminal penalties of up to $150,000.00 per violation."

19. On December 11, 2007, several tattoo designs were downloaded from the Website by a person using the e-mail address ty@donedhardy.com. Upon information and belief, Bowers was the individual who downloaded the designs in question using this email address. Attached hereto as **Exhibit A** is a true and correct copy of the billing information form from the transaction detailed above in which Ty Bowers' name, e-mail address, and home address appear.

20. Specifically, Bowers downloaded eight (8) separate designs from the Website all of which had Tattoo Johnny copyright notices affixed to them. Attached hereto as **Exhibit B** are true and correct copies of the designs downloaded by Bowers.

21. Upon recognizing the @donedhardy.com tag to Bowers' e-mail address, Tattoo Johnny immediately sent Bowers an e-mail ("E-mail") at that address informing Bowers that the use of the designs were subject to the Terms and Conditions he agreed to prior to downloading the designs and that such use was limited to his personal tattoo use only. Attached hereto as **Exhibit C** is a true and correct copy of the e-mail sent to Bowers by Tattoo Johnny.

22. Bowers never responded to this e-mail.

23. After several attempts to call Bowers at the telephone number provided on the billing information form, Tattoo Johnny finally spoke with Bowers at which time Bowers assured Tattoo Johnny that he intended to use the designs for his personal use only and that he did not intend to use the designs for commercial exploitation.

24. Notwithstanding Bowers' assurances, on or around the beginning of May 2008, while reviewing CAI's website located at www.christianaudigier.com ("CAI Website"), Tattoo Johnny noticed that several of the designs downloaded by Bowers appeared on several t-shirts offered for sale at the CAI Website.

25. Upon information and belief, CAI, SOS and Audigier is affiliated with the Don Ed Hardy brand, which gave Tattoo Johnny reasonable suspicion as to the source of the CAI infringing designs. Attached hereto as **Exhibit D** are true and correct copies of screenshots of a portion of the t-shirts in question from the CAI Website. Upon information and belief, CAI has several more styles of shirts with Tattoo Johnny's designs that do not appear on the CAI Website.

26. Of the eight (8) designs downloaded by Bowers, CAI is currently using at least three (3) of Tattoo Johnny's registered designs ("Registered Designs") on t-shirts they are offering for sale to the public without authorization ("Infringing Shirts"). Specifically, there are at least eleven (11) separate Infringing Shirts offered for sale by CAI with Tattoo Johnny's Registered Designs.

27. Upon information and belief, CAI does not manufacture or produce its own t-shirts and has third parties produce the t-shirts ("Manufacturers").

28. Upon information and belief, CAI represented to the Manufacturers that the Registered Designs belong to CAI.

29. Upon information and belief, the Manufacturers reproduced the Registered Designs on the Infringing Shirts based on CAI's representations.

30. Upon information and belief, CAI has sold the Infringing Shirts with the Registered Designs to Macy's, Bloomingdale's, Nordstrom, and other retailers (collectively, "Retailers") representing to the Retailers that the designs belong to CAI.

31. Upon information and belief, the Retailers, based on CAI's representations, are currently offering the Infringing Shirts for sale to the public without authorization.

32. Upon information and belief, CAI uses Vanguard as a distributor of the Infringing Shirts.

33. Upon information and belief, CAI represented to Vanguard that the Registered Designs belong to CAI.

34. Upon information and belief, Vanguard sells the Infringing Shirts to Retailers and other third parties based on CAI's representations.

35. The three (3) Registered Designs used by CAI without authorization are registered copyrights of Tattoo Johnny with titles and registration numbers as follows: *Tattoo Johnny Eagle* VA0001633383, *Tattoo Johnny Knife & Rose* VA0001633384, and *Tattoo Johnny Skull Rose on Top* VA0001633385. Attached hereto as **Exhibit E** are true and correct copies of the Registered Designs with registration numbers affixed thereto.

36. On May 29, 2008, Tattoo Johnny's attorney sent CAI a cease and desist letter ("Letter") advising CAI of their copyright infringement, seeking a detailed accounting of all sales of the t-shirts with the Registered Designs, and a remittance of all profits received by CAI in connection therewith. In the Letter, Tattoo Johnny gave CAI ten (10) days to respond. Attached hereto as **Exhibit F** is a true and correct copy of the Letter sent to CAI.

37. CAI failed to respond to the Letter in the time allotted.

38. On June 18, 2008, ten (10) days after the ten (10) day response period provided in the Letter, the Infringing Shirts were still displayed and being offered for sale on the CAI Website, and two (2) of the Infringing Shirts were also being sold and displayed in the windows of SOS' "Christian Audigier" stores located at 273 Lafayette Street, New York, New York 10015 and 442 Lincoln Road, Miami, Florida 33139. Attached hereto as **Exhibit G** are true and

7

correct copies of photographs taken of the store windows for both the New York City and Miami "Christian Audigier" stores.

39. As a direct and proximate result of all of the Defendants' actions, Tattoo Johnny has been and continues to be damaged.

## FIRST COUNT
### (Copyright Infringement Against the Defendants)

40. Tattoo Johnny repeats the allegations contained in paragraph 1 through 39 as if fully set forth herein.

41. Tattoo Johnny is the sole owner of all right, title, and interest in and to the copyrights of the Registered Designs involved in this action. Tattoo Johnny owns Federal Copyright Registration Certificates for each of the Registered Designs. Attached hereto as **Exhibit H** are true and correct copies of the Registration Certificates for the Registered Designs. Despite the March 11, 2008 registration date on the certificates, the Copyright Office has changed the registration date to March 4, 2008 reflecting when they actually received Tattoo Johnny's applications. New certificates reflecting the change in registration date are en route to Tattoo Johnny's counsel. Upon receipt of the new certificates, Tattoo Johnny shall immediately send a copy to the Court.

42. Tattoo Johnny has the exclusive right to reproduce, display, distribute, and prepare derivative works of the Registered Designs pursuant to 17 U.S.C. §106.

43. The Defendants have infringed Tattoo Johnny's copyright in the Registered Designs by: (i) reproducing the Registered Designs without authorization; (ii) displaying and disseminating copies of the Registered Designs without authorization; (iii) creating derivative works from the Registered Designs without authorization; (iv) improperly selling, offering for sale, marketing, and/or distributing products incorporating the Registered Designs without

Registered Designs on the Infringing Shirts and offering the Infringing Shirts for sale to the public without authorization; (vi) displaying photographs of the Infringing Shirts on the CAI Website and in CAI catalogs without authorization; and (vii) displaying the Infringing Shirts in store windows and Retailer showrooms without authorization.

44. As a direct and proximate result of all of the Defendants' actions, Tattoo Johnny has been and continues to be damaged.

**WHEREFORE**, Tattoo Johnny requests that Judgment be entered preliminarily and permanently enjoining all of the Defendants from manufacturing, distributing, selling, advertising or otherwise marketing the Infringing Shirts; directing that the Infringing Shirts be seized and/or sold and that all direct and indirect profits from such sales should be awarded to Tattoo Johnny together with mandatory attorney's fees; costs of suit and such other and further relief as the Court deems just under the circumstances.

## SECOND COUNT

### (Willful Copyright Infringement Against CAI, Audigier and Bowers)

45. Tattoo Johnny repeats the allegations contained in paragraph 1 through 44 as if fully set forth herein.

46. Despite Tattoo Johnny's multiple warnings to Bowers in connection with the Registered Designs, CAI still used the Registered Designs without authorization from Tattoo Johnny as described in ¶33 above.

47. In blatant disregard of the E-mail and the Letter sent to CAI informing CAI of the Infringing Shirts, CAI printed the Registered Designs on the Infringing Shirts and continued to offer the Infringing Shirts for sale to the public and ignored the contents of the E-mail and the Letter.

48. This conduct constitutes a willful and wanton disregard for Tattoo Johnny's copyright in the Registered Design and is a willful infringement of Tattoo Johnny's copyrights therein.

49. As a direct and proximate result of all of the Defendants' actions, Tattoo Johnny has been and continues to be damaged.

**WHEREFORE**, Tattoo Johnny demands Judgment against CAI, Bowers, Audigier awarding compensatory and punitive damages for the willful copyright infringement; mandatory attorney's fees, costs of suit and such other and further relief as is just under the circumstances.

### THIRD COUNT

#### (Preliminary and Permanent Injunction)

50. Tattoo Johnny repeats the allegations contained in paragraph 1 through 49 as if fully set forth herein.

51. Based upon the foregoing, it is likely that Tattoo Johnny will succeed on the merits of its copyright infringement action against all Defendants.

52. The actions of CAI, Audigier, Bowers and Does 1-1000 have damaged Tattoo Johnny's business and unless a preliminary and permanent injunction is entered have caused and will continue to cause Tattoo Johnny's business irreparable harm.

53. CAI, SOS, Audigier, Bowers and Does 1-1000 were advised of the copyrights at issue and willfully and with complete disregard of the law, reproduced the Registered Designs on the Infringing Shirts.

54. Because of CAI's, SOS', Audigier's and Bowers' actual knowledge of Tattoo Johnny's copyrights and hardships of Defendants through the entering of a preliminary injunction were of their own making.

55. Pursuant to 17 U.S.C. §502, Tattoo Johnny is entitled to an order enjoining Defendants from infringing Tattoo Johnny's copyrights.

56. Therefore, the balance of the hardships tip in Tattoo Johnny's favor.

**WHEREFORE**, Tattoo Johnny respectfully requests that an Order be entered preliminarily and permanently enjoining all the Defendants from manufacturing, selling, distributing, advertising or otherwise marketing any of the Infringing Shirts with the Registered Designs; directing that the Infringing Shirts be sold and the direct profits and indirect profits from the Infringing Shirts be awarded to Tattoo Johnny; together with mandatory attorney's fees; costs of court; and such other and further relief as the court deems just under the circumstances.

### FOURTH COUNT

#### (Identity of Retailers, Distributors and Manufacturers/Examination of Books and Records/Accounting of Profits)

57. Tattoo Johnny repeats the allegations contained in paragraph 1 through 56 as if fully set forth herein.

58. Upon information and belief, in addition to its own website sales, CAI markets to and sells the Infringing Shirts to the public through hundreds of retailers nationally including major department stores, specialty shops and boutique retailers in men, young men, women and junior departments. These retailers are included in the unnamed Does 1-1000.

59. In order to ascertain the correct parties to this litigation, the full extent of the infringement and to calculate damages, Tattoo Johnny requires an identification of all retailers, distributors and manufacturers of the Infringing Shirts; and an examination of CAI's books and records to establish the correct measure of profits.

60. Tattoo Johnny is entitled to an accurate accounting of profits of the Infringing Shirts sold with the Registered Designs by all of Defendants, including retail outlets to which CAI wholesales the shirts.

**WHEREFORE**, Tattoo Johnny demands an Order be entered immediately directing CAI to turn over all of its books and records identifying all of its retailers, distributors and manufacturers who purchased, produced and/or offered for sale any of the Infringing Shirts; accounting for the sales revenue and profits from the Infringing Shirts and such other and further relief as is just under the circumstances.

## FIFTH COUNT

### (Tortious Interference with Prospective Economic Advantage against CAI, Audigier and Bowers)

61. Tattoo Johnny repeats the allegations contained in paragraph 1 through 60 as if fully set forth herein.

62. Tattoo Johnny has entered into an agreement with a t-shirt manufacturer to reproduce its copyrighted designs on its own shirts.

63. By using the Registered Designs on the Infringing Shirts, CAI, Audigier and Bowers intentionally and without justification, interfered with Tattoo Johnny's ability to be the first to market with the Registered Designs on t-shirts.

64. As a result of CAI's, Audigier's, and Bowers' conduct, Tattoo Johnny can no longer be the first to print the Registered Designs on t-shirts and these defendants have usurped Tattoo Johnny's opportunity to exploit its own copyrighted designs.

65. As a direct and proximate result of all of the Defendants' actions, Tattoo Johnny has been and continues to be damaged.

**WHEREFORE**, Tattoo Johnny demands that an Order be entered preliminarily and permanently enjoining of all Defendants from manufacturing, selling, distributing, advertising or otherwise marketing any of the Infringing Shirts with the Registered Designs; and directing that the Infringing Shirts be sold and the direct profits and indirect profits from the Infringing Shirts be awarded to Tattoo Johnny, together with mandatory attorney's fees, costs of court, and such other and further relief as the court deems just under the circumstances.

## SIXTH COUNT

### (Artist Work Misrepresented)

66. Tattoo Johnny repeats the allegations contained in paragraph 1 through 65 as if fully set forth herein.

67. The Defendants have publicly displayed Tattoo Johnny's work without consent in a slightly altered form.

68. By affixing the Audigier name to the Infringing Shirts, Audigier has misrepresented the source of the Registered Designs as belonging to him.

69. Failure to attribute the Registered Designs as belonging to Tattoo Johnny is a gross misrepresentation as to the source of the designs.

70. As a direct and proximate result of all of the Defendants' actions, Tattoo Johnny has been and continues to be damaged.

**WHEREFORE**, Tattoo Johnny demands that an Order be entered preliminary and permanently enjoining all the Defendants from manufacturing, selling, distributing, advertising

or otherwise marketing any of the Infringing Shirts with the Registered Designs; directing that the Infringing Shirts be sold and the direct profits and indirect profits from the Infringing Shirts be awarded to Tattoo Johnny; together with mandatory attorney's fees; costs of court; and such other and further relief as the court deems just under the circumstances.

## SEVENTH COUNT

### (Unlawful Business Practices)

71. Tattoo Johnny repeats the allegations contained in paragraph 1 through 70 as if fully set forth herein.

72. The acts of defendants, as detailed herein, constitute a deceptive and unlawful act under the rules and practices of *McKinney's General Business Law, Section 349*.

73. As a direct and proximate result of all of the Defendants' actions, Tattoo Johnny has been and continues to be damaged.

**WHEREFORE**, Tattoo Johnny demands judgment against Defendants for compensatory damages, including direct profits and indirect profits from the sale of the Infringing Shirts; consequential damages; punitive damages; preliminary and permanent injunctive relief; interest; attorneys' fees; costs; and such other relief as the Court may deem appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Tattoo Johnny prays for judgment against Defendants as follows:

A. That this Court enter judgment determining and declaring that:

(1) Defendants CAI, Audigier, SOS, and Bowers have willfully infringed Tattoo Johnny's exclusive rights in its Registered Designs in violation of 17 U.S.C. §106;

(2) Defendants Macy's, Bloomingdale's, Vanguard, and other Does have infringed Tattoo Johnny's exclusive rights in its Registered Designs in violation of 17 U.S.C. §106;

(3) Defendants CAI, Audigier, SOS, and Bowers have willfully participated in unfair business practices in violation of New York state law, specifically *McKinney's General Business Law, § 349;* and

B. That this Court grant a nationwide preliminary and permanent injunction enjoining Defendants and each of their respective partners, owners, officers, directors, associates, agents, servants, employees, attorneys, subsidiaries, successors and assigns, and all other persons acting in concert or participation therewith of having knowledge thereof, from:

(1) Further violating any of Tattoo Johnny's exclusive rights in the Registered Designs through the importation, reproduction, preparation, display, marketing, promoting, copying, offering for sale, sale or distribution of any and all of Defendants' existing Infringing Shirts;

(2) Further infringing upon any of Plaintiff's exclusive rights in its Registered Designs by importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying, or otherwise disposing of any products that bear any simulation, reproduction,

copy, or colorable imitation of any of the Registered Designs, or a derivative work based on the Registered Designs;

(3) Further infringing Tattoo Johnny's exclusive copyright rights in any other artwork contained on the Website provided by any means whatsoever, including, but not limited to, the specific infringing activities detailed in B (1) – (2) above;

C. That this Court issue an Order granting the following relief:

(1) Requiring Defendants to deliver up for impounding all packaging, advertisements, signage, promotional materials, goods, letterhead, labeling and the like displaying the Infringing Shirts in their possession, custody, or control which infringe Tattoo Johnny's exclusive rights in the Registered Designs, pursuant to 17 U.S.C. §503(a), and as part of the Court's final judgment, issuing an order for the destruction of such material pursuant to 17 U.S.C. §503(b);

(2) Awarding Tattoo Johnny actual damages from Defendants' infringement of Tattoo Johnny's exclusive rights in its Registered Designs, as well as Defendants' profits attributable to their respective infringing conduct pursuant to 17 U.S.C. §504(b);

(3) For an enhanced accounting of Defendants' profits derived from their sales of goods infringing Tattoo Johnny's Registered Designs;

(4) For an enhanced accounting of CAI's and SOS' gross revenues for the period at which the Infringing Shirts were first entered into commerce through the present;

(5) Awarding Tattoo Johnny its costs of suit, including reasonable litigation expenses including reasonable attorney's fees, pursuant to 17 U.S.C. §505;

(6) Requiring all Defendants to file with the Court and serve upon Tattoo Johnny a sworn Certification of Compliance within thirty (30) days from the date of an Order for Preliminary Injunction, and as part of the Court's final judgment, issue an Order for Permanent Injunction which sets forth in detail the nature and substance of Defendants' compliance with the terms of each Order;

(7) Awarding Tattoo Johnny punitive damages in an amount sufficient to deter and punish CAI, SOS, Audigier and Bowers, on account of their willful violation of New York state and federal law; and

(8) Awarding Tattoo Johnny all other relief, in law or in equity, to which Tattoo Johnny may be entitled, or which the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Tattoo Johnny hereby demands a trial by jury as to all claims in this litigation.

Dated:   New York, New York
         June 19, 2008

                              OlenderFeldman LLP
                              Attorneys for Plaintiff,
                              Tattoo Johnny, Inc.

                         BY:  *[signature]*
                              Mark D. Miller (7450)
                              2840 Morris Avenue
                              Union, New Jersey 07083
                              (908) 964-2482

## VERIFICATION

STATE OF GEORGIA            )
                            ) as:
COUNTY OF Fulton            )

David Bollt, being duly sworn, deposes and says:

1. I am a Principal of Tattoo Johnny, Inc. ("Plaintiff").

2. I have been in this position at Plaintiff since its inception.

3. I have read the foregoing Verified Complaint and know the contents thereof to be true based on my personal knowledge, except as to such matters stated on information or belief, and as to those matters I believe them to be true.

_____
David Bollt

Sworn to before me this
17th day of June, 2008.

_____
Jessica Angotti

[Notary Seal: Jessica Angotti, Notary Public, Georgia, Coweta County, Expires March 28, 2011]

## DESIGNATION OF TRIAL COUNSEL

Mark D. Miller is hereby designated as Plaintiff's trial counsel.

## CERT. PURSUANT TO L.CIV. R 11.1

I hereby certify that the foregoing is not the subject of any other action proceeding or arbitration and none is contemplated. The Plaintiff knows of no other parties who must be joined.

*Mark D. Miller*

Mark D. Miller

Dated: June 19, 2008