UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
: 
TATOO JOHNNY, INC., :
: Docket No.: 08-cv-5572 LP
Plaintiff, :
:
v. :
:
CHRISTIAN AUDIGIER, INC., SHOP ON :
STAGE, INC., CHRISTIAN AUDIGIER, TY :
BOWERS, MACY'S, INC., :
BLOOMINGDALE'S, INC., NORDSTROM, :
INC., VANGUARD APPAREL LIMITED,
JOHN DOES 1-100, inclusive,

Defendants.
------------------------------------x

**DECLARATION OF HENRY R. MANDELL IN SUPPORT OF DEFENDANTS CHRISTIAN AUDIGIER, INC., SHOP ON STAGE, INC. AND CHRISTIAN AUDIGIER'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF TATTOO JOHNNY'S MOTION FOR A PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY**

Richard LaCava (RL 1671)
Brian D. Siff (BS 6135)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 277-6500

Attorneys for Defendants
Christian Audigier, Inc., Shop on Stage, Inc., and Christian Audigier

## DECLARATION OF HENRY R. MANDELL

I, Henry R. Mandell, hereby declare as follows:

1.     I am and have been the President of Christian Audigier, Inc. ("CAI") and Shop on Stage, Inc. ("SOS") (collectively, "Defendants") since July 10, 2006. I have personal knowledge of the facts stated herein. If called as a witness, I could and would competently testify thereto.

2.     As the President of CAI and SOS, I have possession, custody, supervision and/or control of its records and documents relating to CAI and SOS. I state that the records and documents referred to in this Declaration constitute writings taken, made or received in the ordinary course of business of CAI and SOS at or near the time of the act, condition or event to which they relate, by persons employed by CAI and SOS who have a business duty to CAI and SOS to accurately and completely take, make, receive and maintain such records and documents.

3.     It is my understanding from my review of Plaintiff's Complaint and Motion for Preliminary Injunction that Plaintiff complains that its "Eagle," "Knife and Rose," and "Skull Rose On Top" designs (collectively, "Plaintiff's Designs") appear on certain of Defendants' garments.

4.     Based on my review of Plaintiff's Motion for a Preliminary Injunction, it is my understanding that Plaintiff is seeking to enjoin Defendants from selling any of their garments that contain an eagle, knife and rose, or skull. Defendants currently sell several garments that include an image of an eagle, as well as several garments that include images of a rose and knife and two skulls. Defendants have in place extensive measures to ensure that their products and designs are in compliance with all state and federal laws pertaining to the protection of intellectual property.

5.     The garments at issue are some of Defendants' most popular items. Defendants

have invested more than $170,437.00 ($181,437.00 includes work in progress) in the garments at issue over the course of four (4) months, and I estimate that Defendants have in the neighborhood of $514,650.00 wholesale value ($1,132,230.00 retail value) worth of merchandise and advertising containing the designs at issue already out in the distribution and sales channel. Since the introduction of garments at issue into the stream of commerce in approximately April of 2008, average net sales per month have been $123,922.00. Additionally, Defendants have in excess of 6,691 items of merchandise in the warehouse and valued at cost of at least $89,000.00. A bond in the amount of $5,000,000.00 would not cover the potential damages to Defendants should an injunction be issued.

6.     The injunction requested by Plaintiff will severely disrupt Defendants' business operations by shutting down production of most popular and best-selling garments. In addition, such an injunction will cause Defendants to suffer incalculable harm in damage to their reputation separate and apart from monetary damages resulting from lost profits. The impact of any injunction undoubtedly would injure Defendants' relationships with its distributors and vendors and besmirch the reputation of the companies.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed on this 18th day of July, 2008, at Culver City, California.

_____
Henry R. Mandell, Declarant