# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TATOO JOHNNY, INC.,

        Plaintiff,

    v.

CHRISTIAN AUDIGIER, INC., SHOP ON
STAGE, INC., CHRISTIAN AUDIGIER, TY
BOWERS, MACY'S, INC.,
BLOOMINGDALE'S, INC., NORDSTROM,
INC., VANGUARD APPAREL LIMITED,
JOHN DOES 1-100, inclusive,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Docket No.: 08-cv-5572 LP

**EVIDENTIARY OBJECTIONS OF DEFENDANTS, CHRISTIAN AUDIGIER, INC.,
SHOP ON STAGE, INC. AND CHRISTIAN AUDIGIER, TO THE DECLARATION OF
DAVID BOLLT IN SUPPORT OF PLAINTIFF TATOO JOHNNY, INC.'S MOTION
FOR A PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY**

Richard LaCava (RL 1671)
Brian D. Siff (BS 6135)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 277-6500

Attorneys for Defendants
Christian Audigier, Inc., Shop on Stage, Inc., and Christian Audigier

DOCSLA-32341

Defendants Christian Audigier, Inc., Shop on Stage, Inc. and Christian Audigier (collectively, "Defendants") hereby object to the evidence presented by portions of the Declaration of David Bollt in Support of Plaintiff Tattoo Johnny, Inc.'s ("Plaintiff") Motion for a Preliminary Injunction and Expedited Discovery, as follows:

## NATURE OF AND LEGAL BASES FOR OBJECTIONS

Defendants object to the declaration of Mr. Bollt on the grounds stated below. For the convenience of the Court and to avoid unnecessary repetition, Defendants first state below their various objections, including pertinent legal authority upon which they rely, and then incorporate by reference the objections and legal authorities applicable to particular items of evidence.

1.     **Lack of Foundation**: Defendants object to the declaration of Mr. Bollt to the extent that the statements contained therein lack foundation.

2.     **Lack of Personal Knowledge**: Defendants object to the declaration of Mr. Bollt to the extent that it contains statements which lack personal knowledge on the grounds that evidence that is not based on a witness' personal knowledge is inadmissible (subject to the provisions of Rule 703 relating to opinion testimony by expert witnesses). *See* Fed. R. Evid. 602. Personal knowledge must be established or the declaration is invalid as a matter of law. *Id.*

3.     **Best Evidence Rule**: Defendants object to the declaration of Mr. Bollt to the extent that it relies on information based on a document rather than the document itself. When evidence that is based upon information obtained from a document, the document is the best evidence of its content. *See* Fed. R. Evid. 1002. To the extent that Mr. Bollt's declaration relies on such information, such information should not be considered by this Court as a matter of law.

\\\

DOCSLA-32341

4.    **Conclusory, Speculative, or Conjecture:**    Defendants object to the declaration of Mr. Bollt to the extent that the statements contained therein to the extent that they are conclusory and made without adequate accompanying facts or documents to support the conclusions asserted. Fed. R. Evid. §§ 402, 602.  To the extent that the declaration contains conclusory statements, it should not be considered by this Court.  Defendants further object to the declaration of Mr. Bollt to the extent that it is speculative or conjecture and makes allegations without specificity and fails to provide any supporting facts, documents, or other evidence to corroborate the allegations made therein.   Without more, all such allegations are merely unsupported and speculative and should not be considered by this Court.  Evidence that is conclusory or that calls for speculation or conjecture, is inadmissible.  See Fed. R. Evid. 602.

5.    **Argumentative Opinion and Improper Legal Conclusion:**    Argumentative opinions and legal conclusions are not proper content for a declaration. *Compare* Fed. R. Evid. 701.  Lay opinion testimony is admissible only if "*helpful to a clear understanding* of the witness' testimony or the determination of a fact in issue" (i.e., helpful to the fact-finding process). Fed. R. Evid. 701(b); 704 (emphasis added).

6.    **Hearsay:**    Hearsay statements are inadmissible.   Fed. R. Evid. 801, 802. Defendants object to the declaration of Mr. Bollt to the extent that it contains statements that are based on inadmissible hearsay.  All such statements contained therein should not be considered by this Court.

7.    **Irrelevant:**    Evidence that is not relevant to a material fact in the case is inadmissible. Fed. R. Evid. 401, 402. Defendants object to the declaration of Mr. Bollt to the extent that it contains statements that are irrelevant to the matter before this Court. The Court should not consider any irrelevant statements contained in the declaration.

## OBJECTIONS TO DECLARATION OF DAVID BOLLT

Defendants object to the following paragraphs and exhibits cited in Mr. Bollt's declaration as follows:

1.     **¶ 2, 2:3-4:** "Tattoo Johnny is the world leader in providing tattoo designs for personal tattoos to the general public and tattoo studios alike."

**OBJECTIONS:**

Lacks foundation; Lacks personal knowledge (FRE 602); Speculative and Conclusory; Impermissible opinion testimony.

2.     **¶ 5, 2:9-3:2:** "Before consummating any transaction on the Website, a customer must agree to the Terms and Conditions found on the Website ("Terms and Conditions"). The Terms and Conditions specifically state in regard to copyright, '[a]ny purchase of a tattoo design from Tattoo Johnny grants the purchaser the right to reproduce the design for their personal tattoo only. Any other reproduction is strictly prohibited. All designs and images by Tattoo Johnny artists are protected by state and federal copyright laws. No one may copy, sell, distribute, and/or in any way make use of the images and designs by any of these artists without express written consent of Tattoo Johnny, Inc. Anyone who violates any of the exclusive rights of the copyright owner and/or licensed agent shall be criminally prosecuted under section 2319 of title 18, United States Code, including imprisonment for up to 5 years for the first offense, civil and criminal penalties of up to $150,000.00 per violation.'"

**OBJECTIONS:**

Lacks foundation; Lacks personal knowledge; Best evidence rule (FRE 1002); Hearsay (FRE 801, 802).

Defendants further object to this statement on the grounds that at Mr. Bollt's deposition,

DOCSLA-32341

taken on July 17, 2008, Mr. Bollt testified that he was "not closely" familiar with the Terms and Conditions referenced in paragraph 5 of his declaration, was not familiar with the exact words of the Terms and Conditions quoted in paragraph 5 of his declaration and did not know whether the words quoted in paragraph 5 of his declaration are the same words that appear in the Terms and Conditions. (Bollt Depo., 30:9-32:3, attached to LaCava Decl., Ex. D.)

3.    **¶ 11, 3:23-4:2:**  " ... I noticed that several of the designs downloaded by Bowers appeared on several t-shirts offered for sale at the CAI website.  CAI has several more styles of shirts with Tattoo Johnny's designs that do not appear on the CAI website."

**OBJECTIONS:**

Lacks foundation; Lacks personal knowledge (FRE 602); Argumentative opinion and improper legal conclusion (FRE 402, 701(b), 704).

4.    **¶ 12, 4:3-7 and Exhibit D attached thereto:**  "I believe that Bowers is or was an employee/agent of CAI or one of Audigier's various other companies.  Defendants CAI, Shop on Stage, Inc. ("SOS") and Christian Audigier ("Audigier") are affiliated with the Don Ed Hardy brand, which gave me reason to monitor the CAI Website for any possible infringement. Attached hereto as Exhibit D are true and correct copies of screenshots of a portion of the t-shirts in question from the CAI Website.  CAI has several more styles of shirts with Tattoo Johnny's designs that do not appear on the CAI Website."

**OBJECTIONS:**

Lacks foundation; Lacks personal knowledge (FRE 602); Argumentative opinion and improper legal conclusion (FRE 402, 701(b), 704); Speculative.

Defendants further object to this statement on the grounds that it is false and contradicts Mr. Bollt's sworn deposition testimony.  During his deposition, Mr. Bollt stated that after he

4

spoke with Mr. Bowers, he did not do "regular reviews" of the Christian Audigier website. (Bollt Depo., 94:12-15, attached to LaCava Decl., Ex. D.)  Mr. Bollt also testified that the reason for his review of the Christian Audigier website in May of 2008 was that Plaintiff was looking for "inspiration and examples of all kinds of designs" to develop an apparel line and "[l]ooking at Don Ed Hardy and Christian Audigier, you know, when it's our intention to go into the apparel business, it's sort of a natural thing for us to do."  (Bollt Depo., 92:14-25; 93:13-16, attached to LaCava Decl., Ex. D.)  At his deposition, Mr. Bollt acknowledged the error in his declaration, stating that "it was prepared by counsel" and he was "sorry to see that there's a discrepancy."  (Bollt Depo., 94:16-95:6, attached to LaCava Decl., Ex. D.)  To the extent that Mr. Bollt's declaration contradicts his sworn deposition testimony, it should not be considered by this Court.

Defendants also object to Exhibit D of Mr. Bollt's declaration on the grounds that Mr. Bollt's declaration fails to provide sufficient foundation for the screen shots and Mr. Bollt lacks personal knowledge with respect to those screen shots.  Specifically, at Mr. Bollt's deposition, Mr. Bollt testified that he did not know who prepared the screen shots in Exhibit D of his declaration and he did not know when they were taken.  (Bollt Depo., 95:7-19, attached to LaCava Decl., Ex. D.)

5.    **¶ 13, 4:10-14:**  "Of the eight (8) designs downloaded by Bowers, CAI is currently using at least three (3) of Tattoo Johnny's registered designs ("Registered Designs") on t-shirts they are offering for sale to the public without authorization ("Infringing Shirts").  Specifically, there are at least eleven (11) separate Infringing Shirts offered for sale by CAI with Tattoo Johnny's Registered Designs."

**OBJECTIONS:**

Lacks foundation; Lacks personal knowledge (FRE 602); Argumentative opinion and improper legal conclusion (FRE 402, 701(b), 704).

6.    **¶ 14, 4:15-16:**  "Upon information and belief, CAI does not manufacture or produce its own t-shirts and has third parties produce the t-shirts ("Manufacturers")."

**OBJECTIONS:**

Lacks foundation; Lacks personal knowledge (FRE 602); Speculative.

7.    **¶ 15, 4:17-18:**  "Upon information and belief, the Manufacturers reproduce the Registered Designs on the Infringing Shirts."

**OBJECTIONS:**

Lacks foundation; Lacks personal knowledge (FRE 602); Speculative; Argumentative opinion and improper legal conclusion (FRE 402, 701(b), 704).

8.    **¶ 16, 4:19-21:**  "Upon information and belief, CAI has sold the Infringing Shirts with the Registered Designs to Defendants Macy's, Inc. ("Macy's"), Bloomingdale's, Inc. ("Bloomingdale's"), Nordstrom, Inc. ("Nordstrom"), and other retailers (collectively, "Retailers")."

**OBJECTIONS:**

Lacks foundation; Lacks personal knowledge (FRE 602); Speculative; Argumentative opinion and improper legal conclusion (FRE 402, 701(b), 704).

\\\

\\\

\\\

DOCSLA-32341

9.      **¶ 17, 4:22-23:** "The Retailers are currently offering the Infringing Shirts for sale to the public without authorization."

**OBJECTIONS:**

Lacks foundation; Lacks personal knowledge (FRE 602); Speculative; Argumentative opinion and improper legal conclusion (FRE 402, 701(b), 704).

10.     **¶ 18, 5:1-2:** "CAI uses Vanguard Apparel Limited ("Vanguard") as a distributor of the Infringing Shirts.

**OBJECTIONS:**

Lacks foundation; Lacks personal knowledge (FRE 602); Speculative; Argumentative opinion and improper legal conclusion (FRE 402, 701(b), 704).

11.     **¶ 19, 5:3-4:** "Upon information and belief, Vanguard sells the Infringing Shirts to Retailers and other third parties."

**OBJECTIONS:**

Lacks foundation; Lacks personal knowledge (FRE 602); Speculative; Argumentative opinion and improper legal conclusion (FRE 402, 701(b), 704).

12.     **¶ 20, 5:5-12:** "The three (3) Registered Designs used by CAI without authorization are registered copyrights of Tattoo Johnny with titles and registration numbers as follows: *Tattoo Johnny Eagle* VA 1-633-385, *Tattoo Johnny Knife & Rose* VA 1-633-384, and *Tattoo Johnny Skull Rose on Top* VA 1-633-385 ... Despite the March 11, 2008 registration date on the certificates, the Copyright Office has changed the registration date to March 4, 2008 reflecting when they actually received our applications."

\\\

\\\

DOCSLA-32341

**OBJECTIONS:**

Lacks foundation; Lacks personal knowledge (FRE 602); Argumentative opinion and improper legal conclusion (FRE 402, 701(b), 704); Best Evidence (FRE 1002); Hearsay (FRE 801, 802).

13.     **¶ 21, 5:15-18:**  "On May 29, 2008, our attorney sent CAI a cease and desist letter ("Letter") advising CAI of their copyright infringement, seeking a detailed accounting of all sales of Infringing Shirts, and a remittance of all profits received by CAI in connection therewith.  The letter gave CAI ten (10) days to respond.  Attached hereto as Exhibit G is a true and correct copy of the letter."

**OBJECTIONS:**

Argumentative opinion and improper legal conclusion (FRE 402, 701(b), 704); Hearsay (FRE 801, 802).

14.     **¶ 23, 5:20-6:4 and Exhibit H attached thereto:**  "On June 18, 2008, ten (10) days after the ten (10) day response period provided in the Letter, the Infringing Shirts were still being displayed and being offered for sale on the CAI Website, and several of the Infringing Shirts were also being sold and displayed in the windows of SOS' "Christian Audigier" stores located at 273 Lafayette Street, New York, New York 10015 and 442 Lincoln Road, Miami, Florida 33139.  Attached hereto as Exhibit H are true and correct copies of photographs taken of the store windows for both the New York City and Miami "Christian Audigier stores.

\\\

\\\

\\\

8

DOCSLA-32341

**OBJECTIONS:**

Lacks foundation; Lacks personal knowledge (FRE 602); Argumentative opinion and improper legal conclusion (FRE 402, 701(b), 704).


Dated: New York, New York                Respectfully submitted,
       July 21, 2008                           DICKSTEIN SHAPIRO, LLP


By: _____
          Richard LaCava (RL 1671)
          Brian D. Siff (BS 6135)
          1177 Avenue of the Americas
          New York, New York 10036
          Telephone: (212) 277-6500
          Facsimile: (212) 277-6501

          Attorneys for Defendants
          Christian Audigier, Inc., Shop on Stage,
          Inc., and Christian Audigier

DOCSLA-32341