UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

TATTOO JOHNNY, INC.,

        Plaintiff,

  v.

CHRISTIAN AUDIGIER, INC., SHOP ON STAGE, INC., CHRISTIAN AUDIGIER, TY BOWERS, MACY'S, INC., BLOOMINGDALE'S, INC., NORDSTROM, INC., VANGUARD APPAREL LIMITED, JOHN DOES 1-100, inclusive,

        Defendants.

------------------------------------x

Docket No.: 08-cv-5572 LP

**DEFENDANTS CHRISTIAN AUDIGIER, INC., SHOP ON STAGE, INC. AND CHRISTIAN AUDIGIER'S ANSWER TO VERIFIED COMPLAINT OF PLAINTIFF TATTOO JOHNNY, INC.**

Brian D. Siff (BS 6135)
Richard LaCava (RL 1671)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 277-6500

Attorneys for Defendants
Christian Audigier, Inc., Shop on Stage, Inc., and Christian Audigier

Defendants Christian Audigier, Inc. ("CAI"), Shop on Stage, Inc. ("SOS") and Christian Audigier ("Audigier") (collectively, "Defendants") hereby answer the Verified Complaint of Plaintiff Tattoo Johnny, Inc. ("Plaintiff") for Copyright Infringement, Willful Copyright Infringement, Preliminary and Permanent Injunction, Identity of Retailers, Distributors and Manufacturers/Examination of Books and Records/Accounting of Profits, Tortious Interference with Prospective Economic Advantage, Artist Work Misrepresented and Unlawful Business Practices (the "Complaint") by admitting, denying, averring, and alleging as follows:[1]

## ANSWER TO NATURE OF ACTION ALLEGATION

1. Answering paragraph 1 of the Complaint, Defendants deny each and every allegation contained in this paragraph.

## ANSWER TO PARTIES/JURISDICTION/VENUE ALLEGATIONS

2. Answering paragraph 2 of the Complaint, Defendants lack sufficient knowledge and information for form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

3. Answering paragraph 3 of the Complaint, Defendants admit that defendant CAI is a California corporation. As to the remainder of the allegations in paragraph 3 of the Complaint, Defendants deny the allegations in this paragraph.

4. Answering paragraph 4 of the Complaint, Defendants admit that defendant SOS is a California corporation which operates ten or more retail stores that sell Christian Audigier brand merchandise. As to the remainder of the allegations in paragraph 4 of the Complaint,

---

[1] Defendants do not intend their Answer to Plaintiff's Complaint to constitute a waiver of their right to request an order from this Court compelling arbitration of Plaintiff's claims, which Defendants contend are subject to a mandatory, binding arbitration provision.

1

Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

5. Answering paragraph 5 of the Complaint, Defendants admit that defendant Audigier is an individual residing in Los Angeles, California. Defendants admit that Audigier is the registered agent of CAI and SOS. As to the remainder of allegations contained in paragraph 5 of the Complaint, Defendants deny the allegations in this paragraph.

6. Answering paragraph 6 of the Complaint, Defendants deny each and every allegation contained in this paragraph.

7. Answering paragraph 7 of the Complaint, Defendants admit that defendant Ty Bowers ("Bowers") is an individual residing in Los Angeles, California who has performed services for CAI. As to the remainder of allegations contained in paragraph 7 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

8. Answering paragraph 8 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

9. Answering paragraph 9 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

10. Answering paragraph 10 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

11. Answering paragraph 11 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

12. Answering paragraph 12 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph. Moreover, Defendants believe that "Doe defendants" are improper in Federal Court.

13. Answering paragraph 13 of the Complaint, Defendants deny each and every allegation contained in this paragraph.

14. Answering paragraph 14 of the Complaint, Defendants admit that CAI and SOS conduct business in the Southern District of New York. As to the remainder of the allegations in paragraph 14 of the Complaint, Defendants deny each and every allegation contained in this paragraph.

## ANSWER TO FACTUAL BACKGROUND ALLEGATIONS

15. Answering paragraph 15 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

16. Answering paragraph 16 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

17. Answering paragraph 17 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

18. Answering paragraph 18 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

19. Answering paragraph 19 of the Complaint, Defendants admit that Exhibit A to the Complaint indicates that on December 11, 2007, certain downloads were purchased from the domain name <tattoojohnny.com>. Defendants further admit that the name Ty Bowers and the e-mail address ty@donedhardy.com appear in the document attached as Exhibit A to the Complaint. As to the remainder of allegations contained in paragraph 19 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

20. Answering paragraph 20 of the Complaint, Defendants admit that Exhibit B to the Complaint indicates that, on December 11, 2007, eight (8) downloads were purchased from the domain name <tattoojohnny.com>. As to the remainder of allegations contained in paragraph 20 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

21. Answering paragraph 21 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

22. Answering paragraph 22 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

23. Answering paragraph 23 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

24. Answering paragraph 24 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

25. Answering paragraph 25 of the Complaint, Defendants deny that any of their designs infringe Plaintiff's designs. As to the remainder of allegations contained in paragraph 25 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

26. Answering paragraph 26 of the Complaint, Defendants deny each and every allegation contained in this paragraph.

27. Answering paragraph 27 of the Complaint, Defendants admit that CAI does not manufacture its t-shirts and utilizes a third party. As to the remainder of allegations contained in paragraph 27 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

28. Answering paragraph 28 of the Complaint, Defendants deny each and every allegation contained in this paragraph.

29. Answering paragraph 29 of the Complaint, Defendants deny that any of their t-shirts infringe Plaintiff's designs and that there were such representations. As to the remainder of allegations contained in paragraph 29 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

30. Answering paragraph 30 of the Complaint, Defendants deny that any of their t-shirts infringe Plaintiff's designs and that there were such representations. As to the remainder of allegations contained in paragraph 30 of the Complaint, Defendants lack sufficient knowledge

and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

31.     Answering paragraph 31 of the Complaint, Defendants deny that any of their t-shirts infringe Plaintiff's designs and that there were such representations.  As to the remainder of allegations contained in paragraph 31 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

32.     Answering paragraph 32 of the Complaint, Defendants admit that CAI uses Vanguard as a distributor for some of its products.  As to the remainder of allegations contained in paragraph 32 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

33.     Answering paragraph 33 of the Complaint, Defendants deny that there were such representations.  As to the remainder of allegations contained in paragraph 33 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

34.     Answering paragraph 34 of the Complaint, Defendants deny that any of their t-shirts infringe Plaintiff's designs and that there were such representations.  As to the remainder of allegations contained in paragraph 34 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

35.     Answering paragraph 35 of the Complaint, Defendants deny that the designs used by CAI are registered copyrights of Plaintiff.  As to the remainder of allegations contained in paragraph 34 of the Complaint, Defendants lack sufficient knowledge and information to form a

belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

36.     Answering paragraph 36 of the Complaint, Defendants admit that Exhibit F to the Complaint indicates that on or about May 29, 2008, Plaintiff's attorney sent a letter addressed to Christian Audigier at Christian Audigier, Inc.'s former address.  Defendants admit that the letter attached to the Complaint as Exhibit F is regarding Plaintiff's asserted belief that certain designs used by CAI for t-shirts infringed the copyrights, if any, to Plaintiff's designs.  Defendants further admit that the letter attached to the Complaint as Exhibit F seeks an accounting of the sales of certain t-shirts sold by Defendants.  Defendants also admit that the letter attached to the Complaint as Exhibit F gives CAI ten (10) days to respond.  As to the remainder of allegations contained in paragraph 36 of the Complaint, Defendants deny each and every allegation contained therein.

37.     Answering paragraph 37 of the Complaint, Defendants admit that CAI did not respond to Plaintiff's attorney within ten (10) days of the date of the letter attached to the Complaint as Exhibit F.  As to the remainder of allegations contained in paragraph 36 of the Complaint, Defendants deny each and every allegation contained therein.

38.     Answering paragraph 38 of the Complaint, Defendants deny that any of their t-shirts infringe Plaintiff's designs.  As to the remainder of the allegations contained in paragraph 38 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

39.     Answering paragraph 39 of the Complaint, Defendants deny each and every allegation contained therein.

\\\
\\\

## ANSWER TO FIRST COUNT FOR COPYRIGHT INFRINGEMENT

40. Answering paragraph 40 of the Complaint, Defendants incorporate the statements made in paragraphs 1 through 39 above. Except as expressly admitted therein, Defendants deny the remaining allegations contained in said paragraphs.

41. Answering paragraph 41 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

42. Answering paragraph 42 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

43. Answering paragraph 43 of the Complaint, Defendants deny each and every allegation contained in this paragraph.

44. Answering paragraph 44 of the Complaint, Defendants deny each and every allegation contained in this paragraph.

## ANSWER TO SECOND COUNT FOR WILLFUL COPYRIGHT INFRINGEMENT

45. Answering paragraph 45 of the Complaint, Defendants incorporate the statements made in paragraphs 1 through 44 above. Except as expressly admitted therein, Defendants deny the remaining allegations contained in said paragraphs.

46. Answering paragraph 46 of the Complaint, Defendants deny each and every allegation contained in this paragraph.

47. Answering paragraph 47 of the Complaint, Defendants deny each and every allegation contained in this paragraph.

48. Answering paragraph 48 of the Complaint, Defendants deny each and every allegation contained in this paragraph.

49. Answering paragraph 49 of the Complaint, Defendants deny each and every allegation contained in this paragraph.

## ANSWER TO THIRD COUNT FOR PRELIMINARY AND PERMANENT INJUNCTION

50. Answering paragraph 50 of the Complaint, Defendants incorporate the statements made in paragraphs 1 through 49 above. Except as expressly admitted therein, Defendants deny the remaining allegations contained in said paragraphs.

51. Answering paragraph 51 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

52. Answering paragraph 52 of the Complaint, Defendants deny each and every allegation contained in this paragraph. Moreover, Defendants believe that "Doe defendants" are improper in Federal Court.

53. Answering paragraph 53 of the Complaint, Defendants deny each and every allegation contained in this paragraph. Moreover, Defendants believe that "Doe defendants" are improper in Federal Court.

54. Answering paragraph 54 of the Complaint, Defendants deny each and every allegation contained in this paragraph.

55. Answering paragraph 55 of the Complaint, Defendants deny each and every allegation contained in this paragraph.

56. Answering paragraph 56 of the Complaint, Defendants deny each and every allegation contained in this paragraph.

## ANSWER TO FOURTH COUNT FOR IDENTITY OF RETAILERS, DISTRIBUTORS AND MANUFACTURERS/EXAMINATION OF BOOKS AND RECORDS/ACCOUNTING OF PROFITS

57. Answering paragraph 57 of the Complaint, Defendants incorporate the statements made in paragraphs 1 through 56 above. Except as expressly admitted therein, Defendants deny the remaining allegations contained in said paragraphs.

58. Answering paragraph 58 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph. Moreover, Defendants believe that "Doe defendants" are improper in Federal Court.

59. Answering paragraph 59 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

60. Answering paragraph 60 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

## ANSWER TO FIFTH COUNT FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

61. Answering paragraph 61 of the Complaint, Defendants incorporate the statements made in paragraphs 1 through 60 above. Except as expressly admitted therein, Defendants deny the remaining allegations contained in said paragraphs.

62. Answering paragraph 62 of the Complaint, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

63. Answering paragraph 63 of the Complaint, Defendants deny each and every allegation contained in this paragraph.

64. Answering paragraph 64 of the Complaint, Defendants deny each and every allegation contained in this paragraph.

65. Answering paragraph 65 of the Complaint, Defendants deny each and every allegation contained in this paragraph.

**ANSWER TO SIXTH COUNT FOR ARTIST WORK MISREPRESENTED**

66. Answering paragraph 66 of the Complaint, Defendants incorporate the statements made in paragraphs 1 through 65 above. Except as expressly admitted therein, Defendants deny the remaining allegations contained in said paragraphs.

67. Answering paragraph 67 of the Complaint, Defendants deny each and every allegation contained in this paragraph.

68. Answering paragraph 68 of the Complaint, Defendants deny each and every allegation contained in this paragraph.

69. Answering paragraph 69 of the Complaint, Defendants deny each and every allegation contained in this paragraph.

70. Answering paragraph 70 of the Complaint, Defendants deny each and every allegation contained in this paragraph.

**ANSWER TO SEVENTH COUNT FOR UNLAWFUL BUSINESS PRACTICES**

71. Answering paragraph 71 of the Complaint, Defendants incorporate the statements made in paragraphs 1 through 70 above. Except as expressly admitted therein, Defendants deny the remaining allegations contained in said paragraphs.

72. Answering paragraph 72 of the Complaint, Defendants deny each and every allegation contained in this paragraph.

73. Answering paragraph 73 of the Complaint, Defendants deny each and every allegation contained in this paragraph.

## AFFIRMATIVE DEFENSES

Without admitting the truth of any allegations set forth in the Complaint, or conceding the jurisdiction of this Court, Defendants assert the following affirmative defenses to the Complaint and the claims for relief purportedly stated therein:

### FIRST AFFIRMATIVE DEFENSE

**(Lack of Jurisdiction/Binding Arbitration)**

1. The Court has no jurisdiction over the subject matter of Plaintiff's Complaint, or portions thereof, because the Complaint, and the claims for relief purportedly stated therein, are subject to a mandatory, binding arbitration provision.

### SECOND AFFIRMATIVE DEFENSE

**(Improper Venue)**

2. Venue is not proper in this Court in that the Complaint, and the claims for relief purportedly stated therein, are subject to a mandatory, binding arbitration provision .

### THIRD AFFIRMATIVE DEFENSE

**(Failure to State a Claim for Relief)**

3. The Complaint, and the claims for relief alleged therein, fail to allege facts sufficient to state a claim upon which relief may be granted against Defendants under any theory.

### FOURTH AFFIRMATIVE DEFENSE

**(Lack of Standing)**

4. Plaintiff is barred from maintaining its Complaint, and the claims for relief alleged therein, because Plaintiff is not the real party in interest and, therefore, lacks standing to sue.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

5. The Complaint, and the claims for relief alleged therein against Defendants, are barred by the applicable statutes of limitation.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

6. Plaintiff is barred from recovering against Defendants on its Complaint because it has waived whatever right it may have had to assert the claims contained in the Complaint. Plaintiff failed to take proper steps to assert those claims in a timely fashion, knowingly relinquished such claims and otherwise acted in a manner inconsistent with an intent to assert or preserve its right to assert such claims.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7. Plaintiff is estopped from asserting its alleged claims because Plaintiff failed to take proper steps to assert in a timely fashion the claims alleged in the Complaint and otherwise acted in a manner inconsistent with an intent to assert or preserve its right to assert any of the claims, all to the detriment of Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Ratification, Consent and Acquiescence)

8. Plaintiff is precluded from pursuing its Complaint and the claims for relief alleged therein, because Plaintiff (and/or its agents) ratified, consented to, and/or acquiesced in, the acts upon which its Complaint is based.

\\\

\\\

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

9. Plaintiff is barred from maintaining its Complaint and the claims for relief alleged therein because of Plaintiff's unclean hands and/or the doctrine of *in pari delicto*.

## TENTH AFFIRMATIVE DEFENSE

### (Fair Use)

10. The Complaint, and the claims for relief alleged therein against Defendants, are barred in whole or in part by reason of Defendants' fair use of the designs, if used at all, that form the bases for the allegations in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

11. The Complaint, and the claims for relief alleged therein against Defendants, are barred by the doctrine of laches as Plaintiff unreasonably delayed in bringing this action and thereby prejudiced the rights of Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

### (Non-Infringement)

12. The Complaint, and the claims for relief alleged therein against Defendants, are barred because Defendants have not infringed any valid claim of any copyrights belonging to Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Invalidity)

13. The Complaint, and the claims for relief alleged therein against Defendants, are barred in whole or in part because Plaintiff's copyrights are invalid, void and unenforceable for failure to meet one or more of the conditions and requirements of the copyright laws, including

the conditions for copyrightability set forth in Title 17 of the United States Code sections 101, *et seq.*

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Prior Use)

14.     The Complaint, and the claims for relief alleged therein against Defendants, are barred in whole or in part by virtue of the doctrine of Prior Use.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Copying)

15.     The Complaint, and the claims for relief alleged therein against Defendants, are barred in whole or in part because Defendants did not copy Plaintiff's designs.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Substantial Similarity)

16.     The Complaint, and the claims for relief alleged therein against Defendants, are barred in whole or in part because Defendants' designs are not substantially similar to Plaintiff's designs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

17.     If Plaintiff is entitled to any relief from Defendants as a result of the facts alleged in its Complaint, which Defendants deny, Plaintiff is not entitled to recover the amount of damages or other relief alleged, or any damages or other relief, due to its failure to take reasonable efforts to mitigate or minimize the damages incurred.

\\\
\\\
\\\

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

18.     The Complaint, and the claims for relief presented therein, are vague, ambiguous and uncertain.

### NINTEENTH AFFIRMATIVE DEFENSE

### (Willful Misconduct)

19.     Plaintiff is barred from recovery by virtue of its contributory and willful misconduct in and about the matters complained of in that the aforesaid misconduct of Plaintiff proximately caused the occurrence of the alleged acts and damages, if any, sustained thereby.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Bad Faith on the Part of Plaintiff)

20.     Plaintiff's Complaint, including each claim for relief alleged therein, is barred against Defendants because it was brought in bad faith.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Legitimate Business Justification)

21.     Plaintiff is not entitled to recover any damages against Defendants because Defendants' acts were justified, carried out in pursuit of their legitimate economic interests and commercially reasonable.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (*De Minimis*, Remote, Speculative or Transient Damages)

22.     Any losses or damages allegedly caused by Defendants and sustained by Plaintiff, which Defendants deny, are *de minimis*, remote, speculative, or transient and hence, not cognizable at law.

\\\

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

23.     Any injury or harm allgedly caused by Defendants and sustained by Plaintiff, which Defendants deny, would be adequately compensated in an action at law for damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (One Who Seeks Equity Must Do Equity)

24.     No relief may be obtained under the Complaint by reason of Plaintiff's own inequitable conduct with respect to the matters alleged in the Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Superseding Cause)

25.     If Plaintiff is entitled to any relief as a result of the facts alleged in the Complaint, which Defendants deny, the acts of individuals or entities other than Defendants constitute a superseding cause of any damage, loss or detriment to Plaintiff.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Plaintiff Caused Own Damage)

26.     Plaintiff's claims are barred, in whole or in part, on the grounds that the damages sustained by Plaintiff, if any, were proximately caused and contributed to by the legal fault of Plaintiff and/or Plaintiff's agents, other than Defendants, and for which Defendants were not and are not responsible.

\\\
\\\
\\\

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Fault of Others)

27.     Plaintiff's claims are barred, in whole or in part, on the grounds that any and all events and happenings, if any, referred to in the allegations of the Complaint were proximately caused and contributed to by the legal fault of persons and/or entities other than Defendants, for which Defendants were not and are not responsible.

## TWENTY-EIGHTH AFFIRMATIVE DEFNESE

### (Unconstitutional Recovery of Punitive Damages)

28.     Defendants deny that they have committed or have responsibility for any act that could support the recovery of punitive damages.  To the extent such recovery is sought, Defendants allege that the recovery of punitive damages against them is unconstitutional under the provisions of the United States Constitution and California Constitution.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Good Faith)

29.     Defendants' actions and statements complained of in Plaintiff's Complaint were made in good faith, honestly and not willfully, intentionally or maliciously.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

30.     Any recovery of damages or other relief herein as alleged by Plaintiff would constitute an unjust enrichment of Plaintiff, and is therefore barred.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

31.     Defendants allege that they presently have insufficient knowledge and information as to whether they may have additional defenses available.  Defendants, therefore,

reserve their right to assert additional defenses that further discovery or investigation indicates to be appropriate.

## PRAYER

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1. That Plaintiff be ordered to litigate its claims against Defendants in binding arbitration; or, alternatively,

2. That Plaintiff takes nothing by its Complaint;

3. That the Complaint by Plaintiff on file herein be dismissed with prejudice;

4. For judgment in favor of Defendants and against Plaintiff on each of the claims for relief alleged in Plaintiff's Complaint;

5. That Defendants recover from Plaintiff their reasonable attorneys' fees as allowed by law;

6. That Defendants recover from Plaintiff their costs of suit; and

7. For such other, further and/or different relief as may be deemed just and proper.

Dated: New York, New York
      July 28, 2008

Respectfully submitted,
DICKSTEIN SHAPIRO, LLP

By: _____
Brian D. Siff (BS 6135)
Richard LaCava (RL 1671)
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Defendants
Christian Audigier, Inc., Shop on Stage, Inc., and Christian Audigier