## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| TATTOO JOHNNY, INC., | : | |
| | : | Docket No.: 08-cv-5572 LP |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTIAN AUDIGIER, INC., SHOP ON | : | |
| STAGE, INC., CHRISTIAN AUDIGIER, TY | : | |
| BOWERS, MACY'S, INC., | : | |
| BLOOMINGDALE'S, INC., NORDSTROM, | : | |
| INC., VANGUARD APPAREL LIMITED, | | |
| JOHN DOES 1-100, inclusive, | | |
| | | |
| Defendants. | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEFENDANTS MACY'S, INC., BLOOMINGDALE'S, INC., NORDSTROM, INC. AND VANGUARD APPAREL LIMITED'S ANSWER TO VERIFIED COMPLAINT OF PLAINTIFF TATTOO JOHNNY, INC.

Richard LaCava (RL 1671)
Brian D. Siff (BS 6135)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 277-6500

Attorneys for Defendants
Christian Audigier, Inc., Shop on Stage, Inc., Christian Audigier, Macy's, Bloomingdale's,
Inc, Nordstrom, Inc. and Vanguard Apparel Limited

Defendants Macy's, Inc. ("Macy's, Inc."), Bloomingdale's, Inc. ("Bloomingdale's"), Nordstrom, Inc. ("Nordstrom") and Vanguard Apparel Limited ("Vanguard") (collectively, "Retail Defendants") hereby answer the Verified Complaint of Plaintiff Tattoo Johnny, Inc. ("Plaintiff") for Copyright Infringement, Willful Copyright Infringement, Preliminary and Permanent Injunction, Identity of Retailers, Distributors and Manufacturers/Examination of Books and Records/Accounting of Profits, Tortious Interference with Prospective Economic Advantage, Artist Work Misrepresented and Unlawful Business Practices (the "Complaint") by admitting, denying, averring, and alleging as follows:

## ANSWER TO NATURE OF ACTION ALLEGATION

1.    Answering paragraph 1 of the Complaint, Retail Defendants deny each and every allegation contained in this paragraph.

## ANSWER TO PARTIES/JURISDICTION/VENUE ALLEGATIONS

2.    Answering paragraph 2 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

3.    Answering paragraph 3 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

4.    Answering paragraph 4 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

5.    Answering paragraph 5 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

6.      Answering paragraph 6 of the Complaint, Retail Defendants deny that any of the acts alleged in the Complaint constitute infringement.  As to the remainder of the allegations contained in paragraph 6 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

7.      Answering paragraph 7 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

8.      Answering paragraph 8 of the Complaint, Retail Defendants admit that defendant Macy's, Inc. is a Delaware corporation.  Retail Defendants also admit that defendant Macy's, Inc. is licensed to do business in the state of New York.  Retail Defendants further admit that Macy's, Inc.'s corporate headquarters is located at 7 West 7th Street, Cincinnati, Ohio 45202. As to the remainder of the allegations contained in paragraph 8 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

9.      Answering paragraph 9 of the Complaint, Retail Defendants admit that defendant Bloomingdale's is a Delaware corporation.  Retail Defendants also admit that Bloomingdale's is licensed to do business in the state of New York.  Retail Defendants further admit that Bloomingdale's' corporate headquarters is located at 7 West 7th Street, Cincinnati, Ohio 45202. As to the remainder of the allegations contained in paragraph 9 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

10.     Answering paragraph 10 of the Complaint, Retail Defendants admit that defendant Nordstrom is a Washington corporation.   Retail Defendants further admit that

2

Nordstrom is licensed to do business in the state of New York. Retail Defendants also admit that Nordstrom's corporate headquarters is located in Seattle, Washington. As to the remainder of the allegations contained in paragraph 10 of the Complaint, Retail Defendants deny each and every allegation contained in this paragraph.

11.    Answering paragraph 11 of the Complaint, Retail Defendant Vanguard admits the allegations contained in this paragraph. The remaining Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

12.    Answering paragraph 12 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph. Moreover, Retail Defendants believe that "Doe Defendants" are improper in Federal Court.

13.    Answering paragraph 13 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

14.    Answering paragraph 14 of the Complaint, Retail Defendants admit that Retail Defendants Macy's, Bloomingdale's and Nordstrom conduct business in the Southern District of New York. As to the remainder of the allegations in paragraph 14 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

## ANSWER TO FACTUAL BACKGROUND ALLEGATIONS

15.    Answering paragraph 15 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

16.     Answering paragraph 16 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

17.     Answering paragraph 17 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

18.     Answering paragraph 18 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

19.     Answering paragraph 19 of the Complaint, Retail Defendants admit that Exhibit A to the Complaint indicates that on December 11, 2007, certain downloads were purchased from the domain name <*tattoojohnny.com*>.  Retail Defendants further admit that the name Ty Bowers and the e-mail address ty@donedhardy.com appear in the document attached as Exhibit A to the Complaint.  As to the remainder of allegations contained in paragraph 19 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

20.     Answering paragraph 20 of the Complaint, Retail Defendants admit that Exhibit B to the Complaint indicates that, on December 11, 2007, eight (8) downloads were purchased from the domain name <*tattoojohnny.com*>.  As to the remainder of allegations contained in paragraph 20 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

21.     Answering paragraph 21 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

22.     Answering paragraph 22 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

23.     Answering paragraph 23 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

24.     Answering paragraph 24 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

25.     Answering paragraph 25 of the Complaint, Retail Defendants deny that any of the subject designs sold by them, if any, infringe Plaintiff's designs.   As to the remainder of allegations contained in paragraph 25 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

26.     Answering paragraph 26 of the Complaint, Retail Defendants deny that any of the subject designs sold by them, if any, infringe Plaintiff's designs.   As to the remainder of the allegations contained in paragraph 26 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

27.     Answering paragraph 27 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

28.     Answering paragraph 28 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

29.     Answering paragraph 29 of the Complaint, Retail Defendants Nordstrom, Bloomingdale's and Vanguard deny that any of the subject CAI t-shirts infringe Plaintiff's designs, and Defendant Macy's, Inc. denies selling any CAI products whatsoever.  As to the remainder of allegations contained in paragraph 29 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

30.     Answering paragraph 30 of the Complaint, Retail Defendants Nordstrom, Bloomingdale's and Vanguard deny that any of the subject CAI t-shirts infringe Plaintiff's designs, and Defendant Macy's, Inc. denies selling any CAI products whatsoever.  Retail Defendants Macy's, Inc. and Bloomingdale's admit there was a representation that goods did not infringe "on any existing or alleged design, design patent, patent, trademark, trade name, copyright … of any person or entity."  Retail Defendant Nordstrom admits there was a representation that merchandise "does not and will not, infringe or violate any intellectual property or other proprietary rights, including without limitation: any utility or design patent, trademark, service mark, trade dress, trade name, copyright…"  Retail Defendants (other than Macy's, Inc.) admit that CAI sold certain t-shirts to said Retail Defendants.  As to the remainder of the allegations contained in paragraph 30 of the Complaint, Retail Defendants deny each and every allegation contained in this paragraph.

6

31.     Answering paragraph 31 of the Complaint, Retail Defendants Nordstrom, Bloomingdale's and Vanguard deny that any of the subject CAI t-shirts infringe Plaintiff's designs, and Defendant Macy's, Inc. denies selling any CAI products whatsoever.   Retail Defendants Nordstrom, Bloomingdale's and Vanguard admit that they currently offer for sale to the public certain shirts designed by CAI.   Defendants Macy's, Inc. and Bloomingdale's admit there was a representation that goods did not infringe "on any existing or alleged design, design patent, patent, trademark, trade name, copyright … of any person or entity."   Retail Defendant Nordstrom admits there was a representation that merchandise "does not and will not, infringe or violate any intellectual property or other proprietary rights, including without limitation: any utility or design patent, trademark, service mark, trade dress, trade name, copyright…"   As to the remainder of the allegations contained in paragraph 31, Retail Defendants deny each and every allegation contained in this paragraph.

32.     Answering paragraph 32 of the Complaint, Retail Defendant Vanguard admits that CAI uses Vanguard as a distributor for some of its products, but denies that any of the subject CAI t-shirts infringe Plaintiff's designs.   As to the remainder of allegations contained in paragraph 32 of the Complaint, Retail Defendants deny each and every allegation contained in this paragraph.

33.     Answering paragraph 33 of the Complaint, Retail Defendant Vanguard denies that there were such representations as to any "Registered Designs," as that term is framed and/or defined in the Complaint.   Retail Defendant Vanguard admits there was a representation that CAI had the right to "design, manufacture, promote, sell and distribute products bearing the Trademarks and using its artwork."   As to the remainder of allegations contained in paragraph 33 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief

as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

34.     Answering paragraph 34 of the Complaint, Retail Defendant Vanguard denies that any CAI t-shirts sold by them infringe Plaintiff's designs and that there were such representations as to any "Registered Designs," as that term is framed and/or defined in the Complaint. Retail Defendant Vanguard admits that there was a representation that CAI had the right to "design, manufacture, promote, sell and distribute products bearing the Trademarks and using its artwork." As to the remainder of allegations contained in paragraph 34 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

35.     Answering paragraph 35 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

36.     Answering paragraph 36 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

37.     Answering paragraph 37 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

38.     Answering paragraph 38 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

39.     Answering paragraph 39 of the Complaint, Retail Defendants deny each and every allegation contained therein.

## ANSWER TO FIRST COUNT FOR COPYRIGHT INFRINGEMENT

40.    Answering paragraph 40 of the Complaint, Retail Defendants incorporate the statements made in paragraphs 1 through 39 above.  Except as expressly admitted therein, Retail Defendants deny the remaining allegations contained in said paragraphs.

41.    Answering paragraph 41 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

42.    Answering paragraph 42 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

43.    Answering paragraph 43 of the Complaint, Retail Defendants deny each and every allegation contained in this paragraph.

44.    Answering paragraph 44 of the Complaint, Retail Defendants deny each and every allegation contained in this paragraph.

## ANSWER TO SECOND COUNT FOR WILLFUL COPYRIGHT INFRINGEMENT

45.    Answering paragraph 45 of the Complaint, Retail Defendants incorporate the statements made in paragraphs 1 through 44 above.  Except as expressly admitted therein, Retail Defendants deny the remaining allegations contained in said paragraphs.

46.    Answering paragraph 46 of the Complaint, Retail Defendants do not believe that they are required to answer this paragraph because Plaintiff's second count for willful copyright infringement is not asserted against Retail Defendants.  To the extent that Retail Defendants are required to answer this paragraph, if at all, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

47.    Answering paragraph 47 of the Complaint, Retail Defendants do not believe that they are required to answer this paragraph because Plaintiff's second count for willful copyright infringement is not asserted against Retail Defendants.  To the extent that Retail Defendants are required to answer this paragraph, if at all, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

48.    Answering paragraph 48 of the Complaint, Retail Defendants do not believe that they are required to answer this paragraph because Plaintiff's second count for willful copyright infringement is not asserted against Retail Defendants.  To the extent that Retail Defendants are required to answer this paragraph, if at all, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

49.    Answering paragraph 49 of the Complaint, Retail Defendants do not believe that they are required to answer this paragraph because Plaintiff's second count for willful copyright infringement is not asserted against Retail Defendants.  To the extent that Retail Defendants are required to answer this paragraph, if at all, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

### ANSWER TO THIRD COUNT FOR PRELIMINARY AND PERMANENT INJUNCTION

50.    Answering paragraph 50 of the Complaint, Retail Defendants incorporate the statements made in paragraphs 1 through 49 above.  Except as expressly admitted therein, Retail Defendants deny the remaining allegations contained in said paragraphs.

51.    Answering paragraph 51 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

52.    Answering paragraph 52 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.  Moreover, Retail Defendants believe that "Doe Defendants" are improper in Federal Court.

53.    Answering paragraph 53 of the Complaint, Retail Defendants  lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph. Moreover, Retail Defendants believe that "Doe Defendants" are improper in Federal Court.

54.    Answering paragraph 54 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

55.    Answering paragraph 55 of the Complaint, Retail Defendants deny each and every allegation contained in this paragraph.

56.    Answering paragraph 56 of the Complaint, Retail Defendants deny each and every allegation contained in this paragraph.

## ANSWER TO FOURTH COUNT FOR IDENTITY OF RETAILERS, DISTRIBUTORS AND MANUFACTURERS/EXAMINATION OF BOOKS AND RECORDS/ACCOUNTING OF PROFITS

57.    Answering paragraph 57 of the Complaint, Retail Defendants incorporate the statements made in paragraphs 1 through 56 above.  Except as expressly admitted therein, Retail Defendants deny the remaining allegations contained in said paragraphs.

58.     Answering paragraph 58 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.  Moreover, Retail Defendants believe that "Doe Defendants" are improper in Federal Court.

59.     Answering paragraph 59 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

60.     Answering paragraph 60 of the Complaint, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

<u>**ANSWER TO FIFTH COUNT FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**</u>

61.     Answering paragraph 61 of the Complaint, Retail Defendants incorporate the statements made in paragraphs 1 through 60 above.  Except as expressly admitted therein, Retail Defendants deny the remaining allegations contained in said paragraphs.

62.     Answering paragraph 62 of the Complaint, Retail Defendants do not believe that they are required to answer this paragraph because Plaintiff's fifth count for tortious interference with prospective economic advantage is not asserted against Retail Defendants.  To the extent that Retail Defendants are required to answer this paragraph, if at all, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

63.     Answering paragraph 63 of the Complaint, Retail Defendants do not believe that they are required to answer this paragraph because Plaintiff's fifth count for tortious interference with prospective economic advantage is not asserted against Retail Defendants.  To the extent

that Retail Defendants are required to answer this paragraph, if at all, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

64.     Answering paragraph 64 of the Complaint, Retail Defendants do not believe that they are required to answer this paragraph because Plaintiff's fifth count for tortious interference with prospective economic advantage is not asserted against Retail Defendants.  To the extent that Retail Defendants are required to answer this paragraph, if at all, Retail Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the allegations in this paragraph.

65.     Answering paragraph 65 of the Complaint, Retail Defendants do not believe that they are required to answer this paragraph because Plaintiff's fifth count for tortious interference with prospective economic advantage is not asserted against Retail Defendants.  To the extent that Retail Defendants are required to answer this paragraph, if at all, Retail Defendants deny each and every allegation contained in this paragraph.

## ANSWER TO SIXTH COUNT FOR ARTIST WORK MISREPRESENTED

66.     Answering paragraph 66 of the Complaint, Retail Defendants incorporate the statements made in paragraphs 1 through 65 above.  Except as expressly admitted therein, Retail Defendants deny the remaining allegations contained in said paragraphs.

67.     Answering paragraph 67 of the Complaint, Retail Defendants deny each and every allegation contained in this paragraph.

68.     Answering paragraph 68 of the Complaint, Retail Defendants deny each and every allegation contained in this paragraph.

69.     Answering paragraph 69 of the Complaint, Retail Defendants deny each and every allegation contained in this paragraph.

70.    Answering paragraph 70 of the Complaint, Retail Defendants deny each and every allegation contained in this paragraph.

## ANSWER TO SEVENTH COUNT FOR UNLAWFUL BUSINESS PRACTICES

71.    Answering paragraph 71 of the Complaint, Retail Defendants incorporate the statements made in paragraphs 1 through 70 above.  Except as expressly admitted therein, Retail Defendants deny the remaining allegations contained in said paragraphs.

72.    Answering paragraph 72 of the Complaint, Retail Defendants deny each and every allegation contained in this paragraph.

73.    Answering paragraph 73 of the Complaint, Retail Defendants deny each and every allegation contained in this paragraph.

## AFFIRMATIVE DEFENSES

Without admitting the truth of any allegations set forth in the Complaint, or the jurisdiction of this Court, Retail Defendants assert the following affirmative defenses to the Complaint and the claims for relief purportedly stated therein:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.    The Complaint, and the claims for relief alleged therein, fail to allege facts sufficient to state a claim upon which relief may be granted against Retail Defendants under any theory.

## SECOND AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

2.    Any recovery of damages or other relief herein as alleged by Plaintiff would constitute an unjust enrichment of Plaintiff, and is therefore barred.

\\\

## THIRD AFFIRMATIVE DEFENSE

### (Good Faith)

3.     Retail Defendants' actions and statements complained of in Plaintiff's Complaint were made in good faith, honestly and not willfully, intentionally or maliciously.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

4.     Plaintiff is barred from maintaining its Complaint, and the claims for relief alleged, because Plaintiff is not the real party in interest and therefore, lacks standing to sue.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

5.     The Complaint, and the claims for relief alleged therein against Retail Defendants, are barred by the applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

6.     Plaintiff is barred from recovering against Retail Defendants on its Complaint because it has waived whatever right it may have had to assert the claims contained in the Complaint.  Plaintiff failed to take proper steps to assert those claims in a timely fashion, knowingly relinquished such claims and otherwise acted in a manner inconsistent with an intent to assert or preserve its right to assert such claims.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7.     Plaintiff is estopped from asserting its alleged claims because Plaintiff failed to take proper steps to assert in a timely fashion the claims alleged in the Complaint and otherwise

acted in a manner inconsistent with an intent to assert or preserve its right to assert any of the claims, all to the detriment of Retail Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Ratification, Consent and Acquiescence)

8.    Plaintiff is precluded from pursuing its Complaint and the claims for relief alleged therein, because Plaintiff (and/or its agents) ratified, consented to, and/or acquiesced in, the acts upon which its Complaint is based.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

9.    Plaintiff is barred from maintaining its Complaint and the claims for relief alleged therein because of Plaintiff's unclean hands and/or the doctrine of *in pari delicto*.

## TENTH AFFIRMATIVE DEFENSE

### (Fair Use)

10.    The Complaint, and the claims for relief alleged therein against Defendants, are barred in whole or in part by reason of Defendants' fair use of the designs, if used at all, that form the bases for the allegations in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

11.    The Complaint, and the claims for relief alleged therein against Retail Defendants, are barred by the doctrine of laches as Plaintiff unreasonably delayed in bringing this action and thereby prejudiced the rights of Retail Defendants.

\\\

\\\

\\\

## TWELFTH AFFIRMATIVE DEFENSE

### (Non-Infringement)

12.    The Complaint, and the claims for relief alleged therein against Retail Defendants, are barred because Retail Defendants have not infringed any valid claim of any copyrights belonging to Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Invalidity)

13.    The Complaint, and the claims for relief alleged therein against Retail Defendants, are barred in whole or in part because Plaintiff's copyrights are invalid, void and unenforceable for failure to meet one or more of the conditions and requirements of the copyright laws, including the conditions for copyrightability set forth in Title 17 of the United States Code sections 101, *et seq.*

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Prior Use)

14.    The Complaint, and the claims for relief alleged therein against Retail Defendants, are barred in whole or in part by virtue of the doctrine of Prior Use.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Copying)

15.    The Complaint, and the claims for relief alleged therein against Retail Defendants, are barred in whole or in part because Retail Defendants did not copy Plaintiff's designs.

\\\

\\\

\\\

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Substantial Similarity)

16.    The Complaint, and the claims for relief alleged therein against Retail Defendants, are barred in whole or in part because Defendants' designs are not substantially similar to Plaintiff's designs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

17.    If Plaintiff is entitled to any relief from Retail Defendants as a result of the facts alleged in its Complaint, which Retail Defendants deny, Plaintiff is not entitled to recover the amount of damages or other relief alleged, or any damages or other relief, due to its failure to take reasonable efforts to mitigate or minimize the damages incurred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

18.    The Complaint, and the claims for relief presented therein, are vague, ambiguous and uncertain.

## NINTEENTH AFFIRMATIVE DEFENSE

### (Willful Misconduct)

19.    Plaintiff is barred from recovery by virtue of its contributory and willful misconduct in and about the matters complained of in that the aforesaid misconduct of Plaintiff proximately caused the occurrence of the alleged acts and damages, if any, sustained thereby.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Bad Faith on the Part of Plaintiff)

20.    Plaintiff's Complaint, and each claim for relief alleged therein, is barred against Retail Defendants because it was brought in bad faith.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Legitimate Business Justification)**

21.     Plaintiff is not entitled to recover any damages against Retail Defendants because Retail Defendants' acts were justified, carried out in pursuit of their legitimate economic interests and commercially reasonable.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(*De Minimis*, Remote, Speculative or Transient Damages)**

22.     Any losses or damages allegedly caused by Retail Defendants and sustained by Plaintiff, which Retail Defendants deny, are *de minimis*, remote, speculative, or transient and hence, not cognizable at law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Adequate Remedy at Law)**

23.     Any injury or harm allgedly caused by Retail Defendants and sustained by Plaintiff, which Retail Defendants deny, would be adequately compensated in an action at law for damages.   Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(One Who Seeks Equity Must Do Equity)**

24.     No relief may be obtained under the Complaint by reason of Plaintiff's own inequitable conduct with respect to the matters alleged in the Complaint.

\\\

\\\

\\\

\\\

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Superseding Cause)

25.    If Plaintiff is entitled to any relief as a result of the facts alleged in the Complaint, which Retail Defendants deny, the acts of individuals or entities other than Retail Defendants constitute a superseding cause of any damage, loss or detriment to Plaintiff.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Plaintiff Caused Own Damage)

26.    Plaintiff's claims are barred, in whole or in part, on the grounds that the damages sustained by Plaintiff, if any, were proximately caused and contributed to by the legal fault of Plaintiff and/or Plaintiff's agents, other than Retail Defendants, and for which Retail Defendants were not and are not responsible.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Fault of Others)

27.    Plaintiff's claims are barred, in whole or in part, on the grounds that any and all events and happenings, if any, referred to in the allegations of the Complaint were proximately caused and contributed to by the legal fault of persons and/or entities other than Retail Defendants, for which Retail Defendants were not and are not responsible.

## TWENTY-EIGHTH AFFIRMATIVE DEFNESE

### (Unconstitutional Recovery of Punitive Damages)

28.    Retail Defendants deny that they have committed or have responsibility for any act that could support the recovery of punitive damages.  To the extent such recovery is sought, Retail Defendants allege that the recovery of punitive damages against them is unconstitutional under the provisions of the United States Constitution and California Constitution.

\\\

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction/Binding Arbitration)

29.     The Court has no jurisdiction over the subject matter of Plaintiff's Complaint, or portions thereof, because the Complaint, and the claims for relief purportedly stated therein, are subject to a mandatory, binding arbitration provision.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Improper Venue)

30.     Venue is not proper in this Court in that the Complaint, and the claims for relief purportedly stated therein, are subject to a mandatory, binding arbitration provision.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

31.     Retail Defendants allege that they presently have insufficient knowledge and information as to whether they may have additional defenses available.  Retail Defendants, therefore, reserve their right to assert additional defenses that further discovery or investigation indicates to be appropriate.

## PRAYER

WHEREFORE, Retail Defendants pray for judgment against Plaintiff as follows:

1.     That Plaintiff be forced to litigate its claims against Retail Defendants in binding arbitration; or, alternatively,

2.     That Plaintiff takes nothing by its Complaint;

3.     That the Complaint by Plaintiff on file herein be dismissed with prejudice;

4.     For judgment in favor of Retail Defendants and against Plaintiff on each of the claims for relief alleged in Plaintiff's Complaint;

5.      That Retail Defendants recover from Plaintiff their reasonable attorneys' fees as allowed by law;

6.      That Retail Defendants recover from Plaintiff their costs of suit; and

7.      For such other, further and/or different relief as may be deemed just and proper.

Dated:  New York, New York                    Respectfully submitted,
August 4, 2008                                DICKSTEIN SHAPIRO, LLP


By: _____/s Richard LaCava_____
        Richard LaCava (RL 1671)
        Brian D. Siff (BS 6135)
        1177 Avenue of the Americas
        New York, New York 10036
        Telephone:  (212) 277-6500
        Facsimile:  (212) 277-6501

        Attorneys for Defendants
        Christian Audigier, Inc., Shop on Stage,
        Inc., Christian Audigier, Macy's, Inc.,
        Bloomingdale's, Inc., Nordstrom, Inc. and
        Vanguard Apparel Limited