UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TATTOO JOHNNY, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHRISTIAN AUDIGIER, INC., SHOP ON STAGE, INC., CHRISTIAN AUDIGIER, TY BOWERS, MACY'S, INC., BLOOMINGDALE'S, INC., NORDSTROM, INC., VANGUARD APPAREL LIMITED, JOHN DOES 1-100, inclusive, <br><br> Defendants. | Docket No.: 1:08-cv-5572 |

**PLAINTIFF'S RESPONSE TO EVIDENTIARY OBJECTIONS OF DEFENDANTS TO THE DECLARATION OF DAVID BOLLT IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Mark D. Miller, Esq. (7450)
OLENDERFELDMAN LLP
29 West 38th Street, 17th Floor
New York, New York 10018

2840 Morris Avenue
Union, New Jersey 07083
(908) 964-2486
Attorneys for Plaintiff

1

## PRELIMINARY STATEMENT

Plaintiff Tattoo Johnny, Inc. ("Plaintiff") respectfully submits this response in opposition to the evidentiary objections made by Defendants Christian Audigier, Inc., Shop on Stage, Inc., and Christian Audigier (collectively, the "Defendants") to the Declaration of David Bollt in Support of Plaintiff's Motion for a Preliminary Injunction. The evidentiary objections made by Defendants are nothing more than an attempt to distract the Court from the underlying facts of this action. Defendants' objections to specific declarations made by Mr. Bollt are unsubstantiated and wholly without merit. Defendants, however, do not deny or contest the facts asserted therein, but rather object to Mr. Bollt's declarations with vague explanations as to why Defendants believe these specific declarations should be inadmissible. All definitions in Mr. Bollt's declaration are hereby incorporated herein by reference.

## OPPOSITION TO SPECIFIC OBJECTIONS

Plaintiff opposes the following objections to the following paragraphs and exhibits cited in Mr. Bollt's declaration as follows:

1.  ¶2, 2:3-4. "Tattoo Johnny is the world leader in providing tattoo designs for personal tattoos to the general public and tattoo studios alike."

### OPPOSITION

Plaintiff opposes this objection on the grounds that said declaration is intended to give the Court background as to Plaintiff's business. This statement does not relate to the underlying infringement claim and has no effect on the issues of liability claims made by Plaintiff.

2.  ¶5, 2:9-3:2. Before consummating any transaction on the Website, a customer must agree to the Terms and Conditions found on the Website ("Terms and Conditions"). The Terms and Conditions specifically state in regard to copyright, "[a]ny purchase of a tattoo design from Tattoo Johnny grants the purchaser the right to reproduce the design for their personal tattoo only. Any other

reproduction is strictly prohibited. All designs and images by Tattoo Johnny artists are protected by state and federal copyright laws. No one may copy, sell, distribute, and/or in any way make use of the images and designs by any of these artists without the express written consent of Tattoo Johnny, Inc. Anyone who violates any of the exclusive rights of the copyright owner and/or licensed agent shall be criminally prosecuted under section 2319 of title 18, United States Code, including imprisonment for up to 5 years for the first offense, civil and criminal penalties of up to $150,000.00 per violation.'"

### OPPOSITION

Defendants' objection to this declaration is without merit. First, while Mr. Bollt did say that he was not "closely" familiar with the Terms and Conditions ("Terms and Conditions") on Plaintiff's website, he did have familiarity with the Terms and Conditions. Mr. Bollt's declaration quotes directly from the Terms and Conditions that were in use on the website when Defendant Ty Bowers downloaded certain designs. Also, any objection to Mr. Bollt's declaration has subsequently been cured by the deposition taken by Defendants of Mr. Bollt in which they presented the Terms and Conditions as an exhibit and Mr. Bollt affirmed that those Terms and Conditions were indeed the Terms and Conditions used on the website when the designs in question were downloaded by Defendant Bowers.

3.   ¶11, 3:23-4:2: "…I noticed that several of the designs downloaded by Bowers appeared on several t-shirts offered for sale at the CAI Website. CAI has several more styles of shirts with Tattoo Johnny's designs that do not appear on the CAI Website."

### OPPOSITION

It is not clear exactly what Defendants object to in this excerpt. All of the above are true statements within the personal knowledge of Mr. Bollt. As evidenced in Plaintiff's reply brief and the declaration of Jonas M. Seider in further support thereof, Defendants have recently posted new styles

of shirts with what Plaintiff believes to be Plaintiff's Designs. See August 1, 2008 Declaration of Jonas M. Seider, ("Seider Dec."), Ex. K, M, and O.

4.  ¶12, 4:3-7 and Exhibit D attached thereto: "I believe that Bowers is or was an employee/agent of CAI or one of Audigier's various other companies. Defendants CAI, Shop On Stage, Inc. ("SOS") and Christian Audigier ("Audigier") are affiliated with the Don Ed Hardy brand, which gave me reason to monitor the CAI Website for any possible infringement. Attached hereto as Exhibit D are true and correct copies of screenshots of a portion of the t-shirts in question from the CAI Website. CAI has several more styles of shirts with Tattoo Johnny's designs that do not appear on the CAI Website."

**OPPOSITION**

While Mr. Bollt's deposition testimony does inconsequentially differ from the declaration, such statements were only given for background purposes to set forth how and when Plaintiff discovered Defendants' infringing acts. To the extent that there is a discrepancy in the declaration and the sworn deposition testimony, such discrepancy is negligible as it does not relate to the merits of Plaintiff's claim or request for preliminary injunction. Furthermore, any objection to Mr. Bollt's declaration has subsequently been cured by the Mr. Bollt's deposition.

In connection with Exhibit D of Mr. Bollt's declaration, these screenshots were prepared by counsel for Mr. Bollt's declaration. Mr. Bollt never declared that he took the screenshots in question, but rather he was familiar with said screenshots. See July 21, 2008 Declaration of Richard LaCava, Esq. ("LaCava Dec."), Ex. D, pg. 95:7-19. Furthermore, any objections to Exhibit D of Mr. Bollt's declaration have subsequently been cured by the Seider Dec., Ex. P.

5.  ¶13, 4:10-14: "Of the eight (8) designs downloaded by Bowers, CAI is currently using at least three (3) of Tattoo Johnny's registered designs ("Registered Designs") on t-shirts they are

4

offering for sale to the public without authorization ("Infringing Shirts"). Specifically, there are at least eleven (11) separate Infringing Shirts offered for sale by CAI with Tattoo Johnny's Registered Designs."

**OPPOSITION**

Mr. Bollt simply provides further background information in connection with what Plaintiff believes to be an infringing use of Plaintiff's Designs. Once again, Defendants do not deny or contest the facts asserted in this paragraph. Specifically, Defendants object to the above paragraph because Plaintiff chose to define the shirts Defendants sell which Plaintiff believes to be infringing as "Infringing Shirts." Such definition does not carry any legal significance nor are any legal conclusions drawn from Plaintiff's chosen definitions. Such definitions were used solely for the purpose of indentifying the goods Plaintiff believes are infringing.

6. For brevity purposes, Plaintiff shall respond to number 6-11 in Defendants evidentiary objections as they all warrant the same response.

¶14, 4:15-16: "Upon information and belief, CAI does not manufacture or produce its own t-shirts and has third parties produce the t-shirts ("Manufacturers")."

¶15, 4:17-18: "Upon information and belief, the Manufacturers reproduced the Registered Designs on the Infringing Shirts."

¶16, 4:19-21: "Upon information and belief, CAI has sold the Infringing Shirts with the Registered Designs to Defendants Macy's, Inc. ("Macy's"), Bloomingdale's, Inc. ("Bloomingdale's"), Nordstrom, Inc. ("Nordstrom"), and other retailers (collectively, "Retailers")."

¶17, 4:22-23: "The Retailers are currently offering the Infringing Shirts for sale to the public without authorization."

¶18, 5:1-2: "CAI uses Vanguard Apparel Limited ("Vanguard") as a distributor of the

5

Infringing Shirts."

¶19, 5:3-4: "Upon information and belief, Vanguard sells the Infringing Shirts to Retailers and other third parties."

**OPPOSITION**

Once again, the information provided in these paragraphs is specifically background information. The facts and beliefs contained in these paragraphs have no effect on Plaintiff's underlying claims. Furthermore, Defendants once again object to the above paragraphs because Plaintiff chose to define the shirts Defendants sell which Plaintiff believes to be infringing as "Infringing Shirts." For the same reasons as set forth above, such an objection is without merit.

7.  ¶20, 5:5-12: "The three (3) Registered Designs used by CAI without authorization are registered copyrights of Tattoo Johnny with titles and registration numbers as follows: Tattoo Johnny Eagle VA 1-633-383, Tattoo Johnny Knife & Rose VA 1-633-384, and Tattoo Johnny Skull Rose on Top VA 1-633-385... Despite the March 11, 2008 registration date on the certificates, the Copyright Office has changed the registration date to March 4, 2008 reflecting when they actually received our applications."

**OPPOSITION**

In connection with the first sentence, Mr. Bollt is simply expressing his belief as to which of Plaintiff's Designs Plaintiff believes Defendants are using without authorization. No legal conclusions are being drawn and Mr. Bollt's beliefs cannot be considered false.

In connection with the amended registration certificates, the Copyright Office has changed the registration date to March 4, 2008 and said registration certificates have been provided to Defendants in the course of Expedited Discovery.

8.  ¶21, 5:15-18: "On May 29, 2008, our attorney sent CAI a cease and desist letter

6

("Letter") advising CAI of their copyright infringement, seeking a detailed accounting of all sales of Infringing Shirts, and a remittance of all profits received by CAI in connection therewith. The Letter gave CAI ten (10) days to respond. Attached hereto as Exhibit G is a true and correct copy of the Letter sent to CAI."

**OPPOSITION**

Defendants' objection to this paragraph is unfounded. Once again, they are objecting to Mr. Bollt's beliefs as to what he believed to be infringing use of the Plaintiff's Designs. Furthermore, there is no dispute as to whether Plaintiff sent Defendants a cease and desist letter in connection with the subject matter of this litigation. Any objections Defendant may have to this paragraph have been subsequently cured by the deposition of Mr. Bollt and Defendants' introduction of the letter referred to in Mr. Bollt's declaration.

9.    ¶23, 5:20-6:4 and Exhibit H attached thereto: "On June 18, 2008, ten (10) days after the ten (10) day response period provided in the Letter, the Infringing Shirts were still being displayed and being offered for sale on the CAI Website, and several of the Infringing Shirts were also being sold and displayed in the windows of SOS' "Christian Audigier" stores located at 273 Lafayette Street, New York, New York 10015 and 442 Lincoln Road, Miami, Florida 33139. Attached hereto as Exhibit H are true and correct copies of photographs taken of the store windows for both the New York City and Miami "Christian Audigier" stores."

**OPPOSITION**

Once again, it appears that Defendants' objections are predicated on the use Plaintiff's chosen definitions for the items Plaintiff believes to be infringing. As discussed above, no legal conclusions or effect are given to definitions within a declaration but rather function as a way to identify the goods Plaintiff believes to be infringing.

Furthermore, in connection with Exhibit H, all valid objections, if any, to such exhibit have been cured by the Seider Dec., submitted herewith.

Dated: August 4, 2008

Respectfully Submitted,

Mark D. Miller, Esq. (MM7450)
OLENDERFELDMAN LLP
29 West 38th Street, 17th Floor
New York, New York 10018

2840 Morris Avenue
Union, New Jersey 07083
(908) 964-2486
 Attorneys for Plaintiff