

# OlenderFeldman LLP
### Attorneys at Law

Writer's contact information:
Jonas M. Seider, Esq.
908-964-2424
jseider@olenderfeldman.com
**RESPOND TO NEW JERSEY**

August 20, 2008

**VIA FACSIMILE (212) 805-7941**
Hon. Loretta A. Preska, U.S.D.J.
United States District Court, S.D.N.Y.
United States Courthouse
500 Pearl Street, Room 1320
New York, New York 10007

    Re:    **Tattoo Johnny, Inc. v. Christian Audigier, Inc., et al.**
            **Docket No.: 1:08-cv-5572**

Dear Judge Preska:

    Pursuant to Your Honor's request at oral argument on August 18, please accept this letter brief on behalf of Tattoo Johnny, Inc. ("Plaintiff"), addressing the issue of whether the Corporate Defendants were parties to the Terms and Conditions (the "T&C") on Plaintiff's website.

    Simply put, Plaintiff's claims against Corporate Defendants do not assert a breach of the T&C. Rather, Plaintiff's claims are premised strictly on copyright infringement. See Marshall v. New Kids on the Block Partnership, 780 F. Supp. 1005 (S.D.N.Y. 1991) (when a party acts outside the scope of the license, the damaged party can bring a claim for infringement). Thus, the applicability of the T&C to Corporate Defendants is irrelevant as it is not in issue.

    Notwithstanding, even if Plaintiff's claims were based upon the T&C, the Corporate Defendants were not parties to the T&C. Only a party to a contract or an intended beneficiary to a contract have any standing to enforce the contract. See Quirke v. Chessie Corp., 368 F.Supp. 558, 562 (S.D.N.Y. 1974). Clearly, the Corporate Defendants were not parties to the T&C. Therefore, the only basis under which Corporate Defendants could seek relief under the T&C is if they were intended beneficiaries. "While such a beneficiary must derive more than merely incidental benefit from the contract, an intention to benefit a third party may be gleaned from the contract as a whole." Owens v. Haas, 601 F.2d 1242, 1250 (2nd Cir. 1979) (internal citations omitted).

    Corporate Defendants were not intended beneficiaries of the T&C. First, the T&C only contemplate individuals as users of the website – granting the user the limited right to reproduce the

2840 Morris Avenue
Union, New Jersey 07083
908-964-2485
908-810-6631 (facsimile)

29 West 38th Street – 17th Floor
New York, New York 10018
212-302-3557
212-764-8905 (facsimile)

www.olenderfeldman.com

August 20, 2008
Page 2

designs for his **personal tattoo use only**. As a corporation cannot get a tattoo, the Corporate Defendants could never have been contemplated parties to the T&C. Second, Plaintiff had no reasonable basis to believe that Mr. Bowers may have used the website on behalf of the Corporate Defendants. To the contrary, all indications were that Mr. Bowers was acting in his personal capacity. For example, Mr. Bowers used his home address for the purchase order, see 6/18/08 Dec. of David Bollt, Ex. A, and specifically assured Plaintiff that he was using the downloaded designs for his personal use only. Third, if Plaintiff knew that Mr. Bowers purchased the designs on behalf of the Corporate Defendants, Plaintiff never would have sold the designs to Mr. Bowers. Rather, Plaintiff's practice is to enter into extensive licensing agreements with parties seek to use Plaintiff's designs for other than personal use. See 8/1/08 Decl. of Jonas Seider, Esq. ("Seider Dec."), Ex. D. Fourth, Mr. Bowers is not an employee of all of the Corporate Defendants and has no authority under any circumstances to bind those Corporate Defendants (i.e., not his employer) to Plaintiff's T&C. Because none of the Corporate Defendants were parties to the T&C or intended beneficiaries of the T&C, they cannot now seek any benefit under, or enforcement of, the T&C.

Ultimately, there are two possible outcomes with respect to this issue: (i) the Corporate Defendants are not parties or intended beneficiaries of the T&C, and thus, cannot seek to enforce the terms of the T&C; or (ii) the Corporate Defendants are all jointly and severally liable for the actions of Mr. Bowers under the T&C. If the Court holds the latter, then the Corporate Defendants will be jointly and severally liable for each and every impermissible use of Plaintiff's designs, in an amount of up to $150,000 per violation. See 7/17/08 Dec. of Richard LaCava, Esq., Ex. E. Since the T&C provide that any reproduction of the designs other than for personal tattoo use is a violation of the T&C, each shirt printed containing Plaintiff's designs, each depiction of Plaintiff's designs on the Corporate Defendants' websites and catalogs, and each depiction of Plaintiff's designs on any of the Corporate Defendants' advertising material will result in a separate violation of the T&C for which the Corporate Defendants will be jointly and severally liable, by contract, in the amount of $150,000 per violation.

We assume the Corporate Defendants will rely on agency principles to argue that the Corporate Defendants are parties to the T&C. This principle is not applicable. Rather, agency is only relevant if: (i) the contracting party (Plaintiff) believes it is entering into an agreement with the principal; or (ii) the agent seeks indemnification from the principal for entering into an agreement on its behalf. Plaintiff did not believe it was contracting with the principal. Thus, the Corporate Defendants cannot now claim agency relationship to bind themselves to the T&C.

To clarify a point made to Your Honor at oral argument, an incorrect date of first publication on a copyright registration does not invalidate the copyright. "An error in the registration regarding the date of first publication, however, does not invalidate the copyright, absent a showing of fraud." Kenbrooke Fabrics, Inc. v. Holland Fabrics, Inc., 602 F. Supp. 151, 153 (S.D.N.Y. 1984) (internal citations omitted). Also, Plaintiff did indeed put on the record that Plaintiff has filed an amended registration to the original dates of first publication. See Seider Dec., Ex. B. Since there is a tremendous backup in the Copyright Office, Plaintiff has not yet received the amended certificates of registration.

August 20, 2008
Page 3

Respectfully submitted,

JONAS M. SEIDER

cc:   James Turken, Esq.
      Brian Siff, Esq.