**DICKSTEIN**SHAPIRO LLP

2049 Century Park East, Suite 700 | Los Angeles, CA 90067-3109
TEL (310) 772-8300 | FAX (310) 772-8301 | dicksteinshapiro.com

August 20, 2008

**VIA FACSIMILE**

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1320
New York, New York 10007

Re:   Tattoo Johnny, Inc. v. Christian Audigier, Inc. et al.
      Docket No.: 08-CV-5572 LP

Dear Judge Preska:

Your Honor requested letter briefs from the parties with respect to whether Christian Audigier, Inc. was subject to plaintiff's Terms and Conditions. As set forth hereinafter, defendants respectfully submit the answer is yes and that this dispute should be sent to arbitration.

As mentioned at yesterday's hearing, plaintiff's Complaint at paragraph 18 (and plaintiff's moving papers) claim that "a customer must agree to the Terms and Conditions found on the Website." As to Christian Audigier, Inc., the second paragraph of Exhibit F to the Complaint states, in pertinent part, as follows

> "By way of background only, on December 11, 2007, an individual by the name of Ty Bowers (**who, at the time was an employee/agent of Christian Audigier**) with email address ty@donedhardy.com, downloaded certain images from the Web Site…and Mr. Bower's use of the Images was subject to the Terms and Conditions agreed to by him upon download." (Emphasis added).

Defendants believe this is a principal/agent issue and have researched the applicable law in New York, California and New Jersey. Under New York law, a principal is liable for the contracts entered into on its behalf by its agent. *Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.*, 51 F. Supp. 2d 457, 471 (S.D.N.Y. 1999). Factors which determine whether there is an agency relationship are whether the purported agent is a fiduciary of the principal, has authority to act on the principal's behalf, or is subject to the control of the principal. *Maurillo v. Park Slope U-Haul*, 606 N.Y.S. 2d 243, 194 A.D. 2d 142, 146 (N.Y. App. Div. 1993). The existence of agency does not depend on the intent or belief of the parties. *Deep Blue Ventures, Inc. v. Manfra, Tordella & Brookes, Inc.*, 791 N.Y.S. 2d 298, 302 (N.Y. Sup. Ct. 2004).

**DICKSTEIN**SHAPIRO LLP
Hon. Loretta A. Preska
August 20, 2008
Page 2

Even if a principal can show that the agent acted without authorization or beyond the scope of his agency, the principal may still be held liable for the actions of the agent through ratification. A principal who accepts the benefits of the actions of its agent, and has knowledge of the facts concerning the transaction, has ratified the action. *Cologne Life Reinsurance Co. v. Zurich Reinsurance (N. Am.), Inc.*, 730 N.Y.S. 2d 61, 68-69 (N.Y. App. Div. 2001). Similarly, where a principal knows of an unauthorized act of its agent, taken on its behalf, and does not disavow the action, the principal is considered to have ratified the action. *Velez v. Vassallo*, 203 F. Supp. 2d 312, 322 (S.D.N.Y. 2002).

California law is similar to New York law and a principal is liable for the contracts entered into on its behalf by its agent. *Filippo Indus., Inc. v. Sun Ins. Co. of New York*, 88 Cal. Rptr. 2d 881, 889 (Cal. Ct. App. 1999). An agent is defined under California law as a party given authority by a principal to act on the their behalf, with the agent able to exercise its own discretion in representing the principal. *L. Byron Culver & Assocs. v. Jaoudi Indus.& Trading Corp.*, 1 Cal. Rptr. 2d 680, 682 (Cal. Ct. App. 1991).

As in New York, even if a principal can show that the agent acted without authorization or beyond the scope of his agency, the principal may still be held liable for the actions of the agent through ratification. A principal who accepts the benefits of the actions of its agent, has ratified the action. *People v. Torres*, 186 Cal. Rptr. 385, 390 (Cal. Ct. App. 1982). Similarly, where a principal knows of an unauthorized act of its agent, taken on its behalf, and does not disavow the action, the principal is considered to have ratified the action. *Bowoto v. Chevron Texaco Corp.*, 312 F. Supp. 2d 1229, 1248 (N.D. Cal. 2004). And, an agent's actions may even be ratified by implication where the principal's actions are so consistent with approval that ratification is the only reasonable interpretation. *Allied Mutual Ins. Co. v. Webb*, 111 Cal. Rptr. 2d 426, 429 (Cal. Ct. App. 2001).

New Jersey law appears to be in accord with New York and California. A principal is liable for the contracts entered into on its behalf by its agent. *See, NN&R, Inc. v. One Beacon Ins. Group*, 362 F. Supp. 2d 514, 519 (D.N.J. 2005). New Jersey does not appear to specify an employee level at which an agency relationship is triggered. But factors which determine whether there is an agency relationship are whether the purported agent has authority to act on the principal's behalf, and is subject to the control of the principal. *Kernan v. One Washington Park Urban Renewal Assocs.*, 713 A.2d 411, 453 (N.J. 1998).

Even if a principal can show that the agent acted without authorization or beyond the scope of his agency, the principal may still be held liable for the actions of the agent through ratification. A principal who accepts the benefits of the actions of its agent, has ratified the action. *See, Aluminum Window Mfg. Corp. v. Lehman Assocs., Inc.*, 260 A.2d 248, 254 (N.J. Super. Ct. App. Div. 1970). Similarly, where a principal knows of an unauthorized act of its agent, taken on its behalf, and does not disavow the action, there is an inference that the principal intended to ratify the action. *Valmed Mgmt Corp. v. Jess Med. Sys.*, LLC, 2007 WL 148752, at *6 (N.J. Super. Ct. App. Div. Jan. 23, 2007).

**DICKSTEIN**SHAPIRO LLP
Hon. Loretta A. Preska
August 20, 2008
Page 3


Bases on plaintiff's papers, the Declaration of Ty Bowers and the legal authorities set forth herein, defendants respectfully submit that this matter should be sent to arbitration.

Very truly yours,

James H. Turken
(310) 772-8331 direct dial
(310) 772-8301 direct fax
turkenj@dicksteinshapiro.com

JHT/smc
cc:   Mark D. Miller, Esq. (via facsimile and email)
      Jonas M. Seider, Esq. (via facsimile and email)
      Brian Siff, Esq.
      Richard La Cava, Esq.