# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

Bond **#45BSBFD9261**

**TATTOO JOHNNY, INC.,**
      Plaintiff

vs

**CHRISTIAN AUDIGIER, INC., SHOP ON STAGE, INC., CHRISTIAN AUDIGIER, TY BOWERS, MACY'S, INC., BLOOMINGALE'S, INC., NORDSTROM, INC., VANGUARD APPAREL, LIMITED, JOHN DOES 1-100, inclusive,**
      Defendants

**PRELIMINARY INJUNCTION**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/29/08
```

WHEREAS, by Order of the above entitled Court, Plaintiff **TATTOO JOHNNY, INC.,** was required to file an undertaking in the sum of **FIFTY THOUSAND DOLLARS** as a condition for a preliminary injunction to be in effect restraining and enjoining the above named Defendants, **CHRISTIAN AUDIGIER, INC., SHOP ON STAGE, INC., CHRISTIAN AUDIGIER, TY BOWERS, MACY'S, INC., BLOOMINGDALE'S, INC., NORDSTROM, INC., VANGUARD APPAREL LIMITED, JOHN DOES 1-100, inclusive,** from the commission of certain acts as more fully set forth in said order.

NOW, THEREFORE, **Hartford Fire Insurance Company**, a corporation organized and existing under the laws of the State of **Connecticut** and authorized to transact the business of Surety, as Surety, in consideration of premises and issuance of said preliminary injunction does hereby undertake to pay all costs and disbursements that may be decreed to the Defendants **CHRISTIAN AUDIGIER, INC., SHOP ON STAGE, INC., CHRISTIAN AUDIGIER, TY BOWERS, MACY'S, INC., BLOOMINGDALE'S, INC. NORDSTROM, INC., VANGUARD APPAREL LIMITED, JOHN DOES 1-100, inclusive,** and such damages not exceeding in the amount of FIFTY THOUSAND DOLLARS as the Defendants, **CHRISTIAN AUDIGIER, INC., SHOP ON STAGE, INC., CHRISTIAN AUDIGIER, TY BOWERS, MACY'S, INC., BLOOMINGDALE'S, INC., NORDSTROM, INC., VANGUARD APPAREL LIMITED, JOHN DOES 1-100, inclusive,** may Sustain by reason of said preliminary injunction if the same be wrongfully Obtained and without sufficient cause.

IN WITNESS WHEREOF, we have set our hand and seal the 27th day of August, 2008

Hartford Fire Insurance Company
                      SURETY
BY: _____
Mark Levinson, Attorney-In-Fact

# POWER OF ATTORNEY

Direct Inquiries/Claims to:
**THE HARTFORD**
BOND, T-4
P.O. BOX 2103, 690 ASYLUM AVENUE
HARTFORD, CONNECTICUT 06115
call: 888-266-3488 or fax: 860-757-5835

Agency Code: 45  452249

**KNOW ALL PERSONS BY THESE PRESENTS THAT:**

| | |
|---|---|
| [X] | **Hartford Fire Insurance Company**, a corporation duly organized under the laws of the State of Connecticut |
| [ ] | **Hartford Casualty Insurance Company**, a corporation duly organized under the laws of the State of Indiana |
| [ ] | **Hartford Accident and Indemnity Company**, a corporation duly organized under the laws of the State of Connecticut |
| [ ] | **Hartford Underwriters Insurance Company**, a corporation duly organized under the laws of the State of Connecticut |
| [ ] | **Twin City Fire Insurance Company**, a corporation duly organized under the laws of the State of Indiana |
| [ ] | **Hartford Insurance Company of Illinois**, a corporation duly organized under the laws of the State of Illinois |
| [ ] | **Hartford Insurance Company of the Midwest**, a corporation duly organized under the laws of the State of Indiana |
| [ ] | **Hartford Insurance Company of the Southeast**, a corporation duly organized under the laws of the State of Florida |

having their home office in Hartford, Connecticut (hereinafter collectively referred to as the "Companies") do hereby make, constitute and appoint, *up to the amount of* UNLIMITED    :
AMY GANGLE, KERRY K. GREGOIRE, ALYSON A. LARSON, MARK LEVINSON, TODD A. STEIN OF FAIRLAWN, OHIO

their true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign its name as surety(ies) only as delineated above by [X], and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof, on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

In Witness Whereof, and as authorized by a Resolution of the Board of Directors of the Companies on January 22, 2004, the Companies have caused these presents to be signed by its Assistant Vice President and its corporate seals to be hereto affixed, duly attested by its Assistant Secretary. Further, pursuant to Resolution of the Board of Directors of the Companies, the Companies hereby unambiguously affirm that they are and will be bound by any mechanically applied signatures applied to this Power of Attorney.



Paul A. Bergenholtz, Assistant Secretary

M. Ross Fisher, Assistant Vice President

**STATE OF CONNECTICUT** } ss. Hartford
**COUNTY OF HARTFORD**

On this 3rd day of March, 2008, before me personally came M. Ross Fisher, to me known, who being by me duly sworn, did depose and say: that he resides in the County of Hartford, State of Connecticut; that he is the Assistant Vice President of the Companies, the corporations described in and which executed the above instrument; that he knows the seals of the said corporations; that the seals affixed to the said instrument are such corporate seals; that they were so affixed by authority of the Boards of Directors of said corporations and that he signed his name thereto by like authority.



CERTIFICATE

Scott E. Paseka
Notary Public
My Commission Expires October 31, 2012

I, the undersigned, Assistant Vice President of the Companies, DO HEREBY CERTIFY that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which is still in full force effective as of August 21, 2008
Signed and sealed at the City of Hartford.

       

Gary W. Stumper, Assistant Vice President

POA 2008

# Hartford Fire Insurance Company
## Hartford Plaza
## Hartford, Connecticut, 06115
*Financial Statement, December 31, 2007*
(Statutory Basis)

| ASSETS | | LIABILITIES | |
|---|---:|---|---:|
| U.S. Government Bonds | $ 96,315,402 | Reserve for Claims and Claim Expense | $ 6,940,486,736 |
| Bonds of other Governments | 115,429,244 | Reserve for Unearned Premiums | 2,102,566,290 |
| State, County, Municipal and Miscellaneous Bonds | 13,278,666,144 | Reserve for Taxes, License and Fees | 78,943,436 |
| Stocks | 7,229,859,113 | Miscellaneous Liabilities | 3,006,294,799 |
| Short Term Investments | 81,552,392 | | |
| | $ 20,801,822,295 | Total Liabilities | $ 12,128,291,261 |
| Real Estate | $ 97,816,920 | Capital Paid In  $ 54,740,000 | |
| Cash | 182,651,749 | Surplus  14,387,518,189 | |
| Agents' Balances (Under 90 Day) | 2,772,916,039 | | |
| Other Invested Assets | 685,938,002 | Surplus as regards Policyholders | $ 14,442,258,189 |
| Miscellaneous | 2,029,404,445 | Total Liabilities, Capital and Surplus | $ 26,570,549,450 |
| Total Admitted Assets | $ 26,570,549,450 | | |

STATE OF CONNECTICUT   }
COUNTY OF HARTFORD   }  ss.
CITY OF HARTFORD

Colleen Mastroianni, Vice-President, and Patricia A. Murrone, Assistant Secretary of the Hartford Fire Insurance Company, being duly sworn, each deposes and says that the foregoing is a true and correct statement of the said company's financial condition as of December 31, 2007.

Subscribed and sworn to before me this 5th day of March, 2008.

Scott E. Paseka
Notary Public
My Commission Expires October 31, 2012

Colleen Mastroianni, Vice-President

Patricia A. Murrone, Assistant Secretary

Form CS-19-37 HF   Printed in U.S.A.

## ACKNOWLEDGMENT OF PRINCIPAL - IF A CORPORATION

STATE OF NEW YORK  } ss
COUNTY OF

On this .................................... day of ........................., ........ before me personally appeared

........................................................................... to be known, who, being by me duly sworn, did depose and

say; that he/she resides at........................................................................., that he/she is the .......................

President of ...........................................................................the corporation described in and which executed the within insurance instrument; that he/she knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that is was so affixed by the Board of Directors of said corporation; and that he/she signed his/her name thereto by like order.

...................................................................

## ACKNOWLEDGMENT OF PRINCIPAL - IF INDIVIDUAL OR FIRM

STATE OF NEW YORK  } ss
COUNTY OF

On this .................................... day of ........................., ........ before me personally appeared

........................................................................... to me know to be (the individual) (one of the firm

of........................................................................... ), described in and who executed the within instrument and he/she thereupon acknowledged to me that he/she executed the same (as the act and deed of said firm).

...................................................................

## ACKNOWLEDGMENT OF SURETY COMPANY

STATE OF OHIO  } ss
COUNTY OF SUMMIT

On this August 21, 2008..............., before me personally came Mark Levinson..........................

to me known, who, being by me duly sworn, did depose and say; that he/she resides in

AKRON, OH ...........................................................; that he/she is the Attorney-In-Fact of the
Hartford Fire Insurance Company........................................... the corporation described in which executed the above instrument; that he/she knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that is was so affixed by the Board of Directors of said corporation; and that he/she signed his/her name thereto by like order; and the affiant did further depose and say that the Superintendent of Insurance of the State of New York, has, pursuant to Section 1111 of the Insurance Law of the State of New York, issued to Hartford Fire Insurance Company........................................... his/her certificate of qualification evidencing the qualification of said Company and its sufficiency under any law of the State of New York as surety and guarantor, and the propriety of accepting and approving it as such; and that such certificate has not been revoked.

*[signature: Amy Gangle]*
Notary Public

AMY GANGLE
Notary Public, State of Ohio
My Commission Expires Aug. 25, 2012



**Producer Compensation Notice**

You can review and obtain information on The Hartford's producer compensation practices at www.thehartford.com or at 1-800-592-5717.

USDC SDNY
DOCUMENT
ELECTRONICALLY F
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

TATTOO JOHNNY, INC.,

    Plaintiff,

v.

CHRISTIAN AUDIGIER, INC., SHOP ON STAGE, INC., CHRISTIAN AUDIGIER, TY BOWERS, MACY'S, INC., BLOOMINGDALE'S, INC., NORDSTROM, INC., VANGUARD APPAREL LIMITED, JOHN DOES 1-100, inclusive,

    Defendants.

Docket No. 1:08-cv-5572

ORDER GRANTING PRELIMINARY INJUNCTION

**THIS MATTER** having come before the Court upon the application of Plaintiff, Tattoo Johnny, Inc. by its attorneys, OlenderFeldman, LLP, for an Order granting a preliminary injunction; and the Court having read and considered the parties moving and responsive papers and oral argument of counsel on August 18, 2008; and for good cause having been shown, and the court having rendered a decision on the record on August 20, 2008,

IT IS on this 20th day of August 2008,

**ORDERED** that Defendants, Christian Audigier, Inc., Shop on Stage, Inc., Christian Audigier, Macy's, Inc., Bloomingdale's, Inc., Nordstrom, Inc., Vanguard Apparel Limited and their respective parents, subsidiaries, affiliates, partners, directors, officers, agents, representatives, servants, employees, attorneys and all persons in active concert, privity, or participation with them who receive actual notice of such order by personal service or otherwise (collectively "Defendants") are ENJOINED and RESTRAINED from doing, aiding, contributing to, causing and abetting any of the following:

Case 1:08-cv-05572-LAP   Document 32   Filed 08/29/2008   Page 7 of 9
AUG-20-2008(WED) 15:52   Quinn Feldman LLP   (FAX)908 810 6631   P. 001
Case 1:08-cv-05572-LAP   Document 29   Filed 08/21/2008   Page 2 of 2

(i) using Tattoo Johnny's federally registered copyrights with Registration numbers VA 1-633-383, VA 1-633-384, and VA 1-633-385 ("Registered Designs") that infringes Tattoo Johnny's Registered Designs;

(ii) manufacturing or selling any merchandise with the Registered Designs;

(iii) printing the Registered Designs on merchandise without authorization from Tattoo Johnny; and it is further

**ORDERED** that by August 22, 2008, Plaintiff shall post with the Clerk of the Court a bond or cash security in the amount of $50,000, to be held by the Clerk pending further Order of this Court; and it is further

**ORDERED** that copies of this Order shall be served upon Defendants by Express Mail, Federal Express or other similar overnight delivery service.

August 20, 2008
5:10 p.m.

*Loretta A. Preska*
Hon. Loretta A. Preska, U.S.D.J.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

TATTOO JOHNNY, INC.,

    Plaintiff,

v.

CHRISTIAN AUDIGIER, INC., SHOP ON STAGE, INC., CHRISTIAN AUDIGIER, TY BOWERS, MACY'S, INC., BLOOMINGDALE'S, INC., NORDSTROM, INC., VANGUARD APPAREL LIMITED, JOHN DOES 1-100, inclusive,

    Defendants.

Docket No. 1:08-CV-5572

STIPULATION EXTENDING THE TIME TO POST SECURITY FOR PRELIMINARY INJUNCTION ORDER AND ORDER THEREON

The undersigned, OlenderFeldman LLP, attorneys for plaintiff Tattoo Johnny, Inc. ("Plaintiff"), and Dickstein Shapiro LLP, attorneys for defendants Christian Audigier, Inc., Shop on Stage, Inc., Christian Audigier, Macy's, Inc., Bloomingdale's, Inc., Nordstrom, Inc., and Vanguard Apparel Limited (collectively, "Defendants"), hereby stipulate to an extension of the time within which Plaintiff must post a bond or cash security as required by the Court in the August 20, 2008 Order ("Order"), a copy if which is attached hereto as Exhibit A, since the Plaintiff and Defendants are currently in ongoing settlement negotiations.

The parties hereby agree that in the event settlement is not reached by August 29, 2008, Plaintiff shall post a bond or cash security pursuant to the Order and the Court shall execute the Ordered preliminary injunction.

This stipulation is entered into the 22nd day of August, 2008.

Jonas M. Seider, Esq.
OLENDERFELDMAN LLP
2840 Morris Avenue
Union, New Jersey 07083
(908) 964-2424
Attorneys for Plaintiff

James H. Turken, Esq.
Dickstein Shapiro LLP
2049 Century Park East, Suite 700
Los Angeles, California 90067
(310) 772-8331
Attorneys for Defendants

Case 1:08-cv-05572-LAP   Document 32   Filed 08/29/2008   Page 9 of 9
AUG-22-2008(FRI) 13:31   OlenderFeldman LLP           (FAX)908 810 6631    P.004/007
Case 1:08-cv-05572-LAP   Document 30   Filed 08/22/2008   Page 2 of 3

For good cause appearing therefrom, it is so ordered.

_____   8/22/08
Hon. ~~Loretta A. Preska~~ U.S.D.J.
Paul A. Crotty
U.S.D.J
Part I